ADAM FRITZ *vs.* ANDREW R. McGILL, Administrator.

## March 17, 1884.

**Ambiguous and Inconsistent Complaint—Election by Plaintiff.**—The complaint in an action was so framed that it did not disclose whether it was intended to charge the defendant in a representative capacity as administrator of an estate, or personally. Before the trial, in deciding a motion for judgment on the pleadings, the court construed the action as being against the defendant as administrator, and declared this as its construction. The plaintiff, merely excepting to the decision of the court, proceeded to trial without indicating his election to prosecute the action against the defendant personally, and without offering any amendment to cure the equivocal character of the complaint. *Held,* that the plaintiff should not afterwards be heard to say that the action was against the defendant personally.

**Estates of Decedents — Delivery of Property to Administrator.**—The mere delivery of property to one who is the administrator of an estate, the estate not being entitled to it, does not make the estate responsible for such property to the person entitled to it, it not appearing that the property was treated or used as assets of the estate, or that the estate received any benefit from it.

**Conveyance of Real Estate—Prior Representations.**—Representations of freedom from incumbrance, made without fraud during the negotia-

tions for the sale of real property, are merged in the deed of conveyance by which the sale is consummated.

**Representations of Administrator.**—For the fraudulent representations of an administrator the estate is not responsible in damages.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*Warren H. Mead*, for appellant.

*L. E. Thompson* and *C. S. Bryant*, for respondent.

DICKINSON, J. The complaint alleges the death, intestate, of Phillips, the owner of certain lands; the appointment and qualification of the defendant as administrator of the estate; the possession by him of funds of the estate in excess of liabilities; the taking possession of the land by the defendant as administrator; license to the administrator, from the probate court, to sell the land; that the defendant represented to the plaintiff that the land was free from incumbrance, and agreed to sell it, as such administrator, and to give immediate possession, free from incumbrance,—relying upon which the plaintiff purchased the land and received a deed of conveyance, in proper form, from the administrator, which was confirmed by the probate court; that the land was not free from incumbrance, but was subject to a lease and right of possession for one year in favor of one Colwell, for which the lessee was to pay rent to the defendant as administrator, which facts were known to the defendant, who had himself leased the property to Colwell; that the lessee held possession of the land during the term of the lease, under it and by authority of the defendant, the defendant and the estate receiving the rent therefor, in kind, out of the products of the land, the same being paid to the defendant for the benefit and use of the estate, and being of the value of $500, which sum is also alleged to have been the rental value of the land during that period. The complaint concludes with a demand for judgment against "the defendant as such administrator, and against defendant," for a sum named. At the commencement of the trial, the defendant moving for judgment upon the pleadings, the court had occasion to consider the nature of the action and to determine the character and sufficiency of the complaint; and, evidently construing the action as being against the administrator as

such, announced as its conclusion that it was considered that the complaint showed a cause of action against the estate for money had and received, and upon this theory the case proceeded to trial. At the close of the evidence the court directed a verdict for the defendant.

In considering the case upon appeal we have to determine, *first,* the nature of the action, against what party it is really prosecuted, and the cause of action upon which the plaintiff is to be regarded as relying. It is not easy from the complaint to determine these matters, and the court below was evidently embarrassed in its action by the difficulties presented upon the face of the pleading. Either from inadvertence or intentionally, the complaint is so framed that it is impossible to learn from it whether the plaintiff intended by this action to charge the defendant McGill in his representative capacity as administrator, or personally. While the title of this action does not indicate that the defendant is sued *as* administrator, a recovery is prayed against him in that capacity, and the complaint contains allegations indicative of a purpose to charge him as administrator, and which should have no place in the pleading except upon that theory. On the other hand, the complaint sets forth other facts which are pertinent only as the action is to be deemed as prosecuted against McGill personally; and a personal judgment is also sought. It seems probable that the complaint was drawn with a view of recovering against the defendant either in his representative capacity or personally, as the facts developed on trial should determine.

The plaintiff could not prosecute the action both against the defendant personally, and also against him in his representative capacity as administrator; and, the complaint being cast in this double form, the most that the plaintiff could claim would be that he be allowed to elect as between the two inconsistent positions. Admitting that he had this right of election, he shows no injustice suffered by him in this case. The court, instead of directly putting the plaintiff to his election as to whether he would prosecute the action against the defendant in the one capacity or in the other, indicated that it construed the action as being against the administrator as such; that is, against the estate. The complaint bears this construction,

as well as it would that which would make it to charge the defendant personally; and, if this was not in accordance with the plaintiff's purpose,—if he was unwilling to prosecute the action against the estate merely,—he should at least have signified his intention and election in that respect, and offered such amendment as would properly and unequivocally charge the defendant personally and alone. Instead of this, only an exception was taken to the ruling of the court, and the cause proceeded to trial. The plaintiff should not now be heard to say that the action is against the defendant personally, and that for that reason there should be a new trial.

Considering the action, then, as being against the administrator as such, it remains to decide what is the alleged cause of action upon which a recovery against the estate may be maintained, and whether such alleged cause of action was so supported by proof that it should have been submitted to the jury.

It is obvious that no cause of action exists for any representations or warranties which the administrator may have made prior to the giving of the deed by which the title was transmitted. A sufficient, although perhaps not the only, reason upon which this proposition rests, is this: In the absence of fraud in such representations, they would be deemed to have been merged in the subsequent deed, which presumptively embodies the whole transaction relating to the sale. That embracing no covenants respecting incumbrances, none can be shown. Rawle on Covenants, (4th Ed.) 565, 566; Dart on Vendors, (5th Ed.) 777; *Howes* v. *Barker*, 3 John. 506; *Houghtaling* v. *Lewis*, 10 John. 297; *Share* v. *Anderson*, 7 Serg. & R. 43; *Coleman* v. *Hart*, 25 Ind. 256. No covenants are implied. Gen. St. 1878, c. 40, § 6. If the administrator was guilty of fraudulent representations or conduct, he alone is answerable, and not the estate. The estate is not responsible for the fact that the plaintiff was unable, by reason of the occupancy of Colwell, to get possession of the land.

The only remaining ground upon which the estate can be deemed to have been chargeable is that adopted by the court below; that is, for money (or property) had and received as rent of the land, and which the plaintiff, as the grantee of the estate and the owner of the land, is entitled to receive. This leads to the inquiry whether, ad-

mitting that the plaintiff was entitled to receive the property which went into the hands of the defendant, McGill, the estate in fact received it, or is to be deemed as having received it, so that it is responsible for it. The evidence shows that McGill received the property, but there is no evidence that the estate was in any way credited with it; that it was received for the estate or by the estate, or that the estate in any way had the benefit of it. An action of replevin had been commenced, in the name of this plaintiff, against Colwell, to recover a part of the crop raised by him upon this land during the term of the alleged tenancy. The evidence is conflicting as to whether that action was really prosecuted by the plaintiff for his own benefit, or was caused to be instituted and prosecuted by McGill, without the knowledge of the plaintiff. That action was compromised by the surrender on the part of Colwell of the property (wheat tickets) in question, which was received by McGill and by him converted into money. This rent, if the property in question be deemed such, had accrued subsequently to the conveyance of the land in fee, without reservation of rent, to the plaintiff. The plaintiff's right to recover in this action rests necessarily upon the very ground that the estate was *not* entitled to this property, but that it belonged to the plaintiff. We may hence assume the fact, essential to the plaintiff's recovery, that the estate was not entitled to the property which was delivered to McGill. If this is so, then the mere receiving of it by McGill would not be a receiving of it by the estate, nor would the estate be responsible for it. McGill alone could be held responsible for his own act, which did not concern the estate, and from which the estate received no benefit. The case shows no right of recovery against the estate, nor was there anything to submit to the jury.

Order affirmed.