CHARLES CLIFTON v. THE JACKSON IRON COMPANY.

| 74 | 183 |
|----|-----|
| 122 | 465 |

*Deed—Contract for sale of land—Reservation of timber.*

Where the owner of land, on contracting for its sale, reserves the timber, with the right of removal for a specified time, and conveys the land to the vendee *before* the expiration of the time so limited, by warranty deed without any *such* reservation, the timber passes to the grantee.

Error to Delta. (Grant, J.) Argued February 5, 1889. Decided February 15, 1889.

Trespass. Defendant brings error. Affirmed The facts are stated in the opinion.

*E. P. Royce,* for appellant, contended .

1. The timber in controversy is admitted to have been included in the reservation in the contract, and if so it was the plaintiff's duty to show that the reserved rights therein were by some understanding between the parties extinguished, as it is a cardinal rule in the construction of contracts that the intention of the parties is to be inquired into, and, if not forbidden by law,

is to be effectuated; citing *Smith v. Smith*, 71 Mich. 639; and, to ascertain whether the deed was absolute in fact as in form, the Court will look beyond the writings to the circumstances surrounding the transaction, and judge from such surrounding circumstances; citing *Stahl v. Dehn*, 72 Mich. 650.

2. The deed did not put an end to the contract, and confine the defendant to its operation unexplained by the contract, but was given to carry out the contract, and not to abridge any of the rights it was made to secure; citing *Seager v. Cooley*, 44 Mich. 18.

3. As to construing instruments together which relate to the same subject-matter, and are between the same parties, counsel cited 2 Pars. Cont. (4th ed.) 15 (note *u*).

*F. O. Clark*, for plaintiff, contended :

1. If nothing is expressly excepted in the deed it would otherwise pass by the deed, and an exception ought to be stated and described as fully and accurately as if the grantee were the grantor of the thing excepted; citing 3 Washb. Real Prop. 432–436.

CAMPBELL, J. Plaintiff sued defendant for trespass in cutting his timber in the winter of 1885–6. The defense set up was that the timber, though on plaintiff's land, belonged to defendant. This claim was based on the fact that on September 22, 1877, a little more than eight years before the trespass, defendant made a contract to sell the land trespassed on to plaintiff, but with this reservation:

"Reserving to itself, its assigns and corporate successors, the ownership of pine, butternut, hemlock, beech, maple, birch, iron-wood, or other timber suitable for sawing into lumber, or for making into fire-wood or charcoal, now on said tract of land, and also the right to cut and remove any or all of said timber, at its option, at any time within ten years from and after the date of these presents."

There were some unimportant provisions, also, not now material. Plaintiff showed that on November 4, 1885, the defendant conveyed to him the land in question by full warranty deed, and with no exceptions or reserva-

tions whatever. The testimony of defendant's agent, who cut the land, tended to prove that when the cutting was done the defendant's manager did not dispute plaintiff's title, but gave the agent to understand that it belonged to plaintiff, but that some arrangement would be made about it; that plaintiff was then absent, and there was no conversation with him or his wife on the subject. The bill of exceptions certifies that no other evidence was given concerning the right to cut timber. Upon these facts the court held that the deed conveyed the right in the timber to plaintiff, and that he owned it.

Had no deed been made, it is agreed that the reservation would have prevailed. But a previous contract cannot contradict or control the operation of a deed. It was competent for defendant to relinquish any contract reservation, ·and a deed which grants and warrants without any reservation has that effect. We do not hold that if the deed were so made by some mistake within the cognizance of equity the mistake might not be corrected. Neither need we consider whether, after such a deed, there might not be such dealings as to render such timber-cutting lawful, by license, express or implied. In this case there was no testimony tending to show that the deed was not supposed and intended to close up all the rights of the parties.

The judgment must be affirmed.

The other Justices concurred.