## MILLIKAN *v.* HUNTER.

[No. 22,113. Filed February 20, 1913. Rehearing denied June 27, 1913.]

1. COVENANTS.—*Covenants Running With the Land.— Covenant as Part of Conveyance.*—When a conveyance of an interest in land contains a covenant in which a right attached to the estate granted is reserved, or by which the grantee is to do some act on the estate granted which will be beneficial to the grantor, either as respects his remaining interest in the land, or in lands adjacent thereto, such covenant will be construed as running with the land, if it is so expressed as to show that it was reasonably the intent that it should so run. p. 153.

2. COVENANTS.—*Covenants Running with the Land.—Covenant as Part of Conveyance.—Construction.*—The use of words of projection into the future, as "maintain", or "never be", or "suffer", or the like, in a covenant in a conveyance show an intention that the covenant shall run with the land. p. 153.

3. DEEDS.—*Deed Poll.—Validity.*—A deed poll, accepted, is as binding in its terms as if strictly an indenture under the seal of the grantee. p. 154.

4. RAILROADS.—*Covenants Running With the Land.—Covenants as to Fences.*—An agreement in a deed for a railroad right of way, that the company shall build a certain kind of fence, is such a covenant as its successor through foreclosure proceedings is bound to perform. p. 155.

5. VENDOR AND PURCHASER.—*Construction of Contract.—Exceptions and Reservations.*—Where a vendor agreed to convey and warrant the south part of a certain lot, clear of all incumbrances, and the purchaser agreed not to build nearer than three feet to the north line and to keep back flush with a building on the lot next south, and the vendor agreed that he would build on the lot next north to be set three feet north of the south line of the north six feet of the lot, and it appeared that the vendor had some interest in the adjoining property and in the lines of buildings on the property sold, such provisions of the contract, even if construed as personal covenants only, amounted to exceptions from the contract for general warranty which the vendor was entitled to have inserted in the deed. p. 155.

6. VENDOR AND PURCHASER.—*Performance of Contract.—Title of Vendor.—Incumbrances.*—Under a contract to convey land clear of all incumbrances the purchaser is not required to accept a conveyance subject to the lien of unpaid taxes, but his lia-

bility on the contract is not affected by the grantor's failure to remove such incumbrance, where the refusal to accept the deed was solely upon the ground that it contained certain building restrictions.  p. 157.

7.  FRAUDS, STATUTE OF.—*Sale of Real Estate.—Indefinite Description.—Action for Damages.*—A contract which falls within the fourth subdivision of the statute of frauds, and is so indefinite that it cannot be specifically enforced, cannot be the basis of an action for damages.  p. 157.

8.  VENDOR AND PURCHASER.—*Breach of Contract.—Damages.*—The general rule that the measure of damages, on breach of a contract to purchase land, is the difference between the contract price and the value at the time fixed for the delivery of the deed, is not applicable where it is shown by the evidence that the vendor has sold the land, together with other land, at an aggregate sum, but not showing what the land in controversy sold for, and that by the vendor's purchase of an adjoining lot the value of his property as a whole had been increased more than the decrease in value of the land described in the contract.  p. 157.

From Superior Court of Marion County (75,707) ; *Lawson M. Harvey,* Special Judge.

Action by Edgar O. Hunter against Frank M. Millikan. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)  *Affirmed Conditionally.*

*Lew Wallace, Ulric Z. Wiley* and *Arthur H. Jones,* for appellant.

*Caleb S. Denny, George L. Denny* and *Horace L. Gould,* for appellee.

MYERS, C. J.—Appellee, plaintiff below, brought this action for damages for the alleged nonperformance of a written contract of purchase of real estate by appellant from appellee.  The trial was had upon an amended complaint, a demurrer to which for want of facts sufficient to constitute a cause of action was overruled.  Appellant filed answer in three paragraphs, the first being in general denial, the second setting up his readiness and willingness to

comply with the contract sued on, and the third alleging failure of consideration, to the latter two of which appellee filed his reply in general denial. After the commencement of the trial, appellant filed his cross-complaint asking for specific performance of the sale contract, and also making new party defendant one Stanley, who is alleged to have had, or claimed, some interest in the real estate in question. Demurrers to the cross-complaint were sustained. The case was tried by the court, and resulted in a finding and judgment for $500 in favor of appellee. From this finding and judgment this appeal is taken.

The errors assigned on appeal are, in overruling the demurrer to the amended complaint, in overruling appellant's motion for judgment in his favor at the close of appellee's evidence, and, in overruling the motion for a new trial, only the first and last of which are relied upon by appellant. The amended complaint in substance alleges, that plaintiff, Hunter, on July 23, 1907, by a contract in writing, sold to defendant, Millikan, and defendant, Millikan, purchased of plaintiff, Hunter, certain real estate situate in Marion County, Indiana, describing it particularly, for the sum of $1,750, which written contract is made a part of the complaint by exhibit, and is as follows.

"July 23, 1907.

I hereby agree to convey and warrant, clear of all encumbrances, the south 34 feet of Lot 211, or the lot next north of lot at No. 1819 Talbott Ave., to Frank M. Millikan for $1,750.00, and further agree to fill the excavation on said lot 211, now made on said lot for which said excavation said Millikan is paying in and as part of the above consideration $100.00, and said Millikan agrees not to build nearer than 3 feet of N. line of said thirty four feet, and to keep back flush with the front of building now on lot next south, at said No. 1819 Talbott Ave. And the undersigned, who is to build on lot next north of said lot 211, agrees to set his building 3 feet north of the south line of the north 6 feet of said lot 211.                    Edgar O. Hunter,
                    Frank M. Millikan."

The complaint further alleges that on or about January 21, 1908, he, Hunter, tendered a warranty deed for said property to Millikan, which deed contained the statements that, ''The grantors herein agree in consideration of the foregoing sum, to fill the excavation on said lot 211, and also hereby agree to set any building built, or to be built on the lot next north of said lot 211, three (3) feet north of the south line of the north six (6) feet of said lot 211. The grantee herein, by the acceptance of this deed, agrees not to build nearer than three (3) feet of the north line of the thirty-four (34) foot strip hereby conveyed, and also agrees to keep any building erected on said 34 foot strip back flush with the building now on the lot next south of said lot 211.'' That afterward, on or about February 8, 1908, he executed and tendered to Millikan ''a good and sufficient warranty deed in accordance with the terms of said contract, conveying said real estate to said defendant free and clear of all liens and encumbrances except as to the taxes for 1907 and 1908,'' etc., and setting out the sale contract, in the deed; that Hunter at the time of executing and tendering the two deeds was, and now is ''ready and willing and offers to convey said real estate by delivering either of said deeds, upon the payment of said sum of $1,750 with interest.'' That defendant refused, and still refuses to accept either deed for the reasons that they contained encumbrances, and would accept no deed subject to the terms of the contract, and refused and still refuses to pay the purchase price for the real estate.

The sufficiency of the complaint is attacked upon the ground of its setting out a contract which is claimed to be void under the statute of frauds for lack of definite description, and because it shows tender of deeds subject to taxes, and contains building restrictions which are encumbrances. The complaint alleges that each of the parties have at all times construed the contract as a valid contract of sale and purchase, and that appellant refused to accept the deeds

on account of the building restrictions, and refused to accept any deed containing building restrictions, and that appellee had fulfilled all the conditions of the contract to be by him performed. The theory of the complaint was plainly an insistence by appellant that he was not required under the contract to accept a deed with the restrictions contained in the contract, and the insistence of appellee that he was obliged to accept such deed. This leads to the inquiry whether the agreement with respect to buildings is one which under any circumstances may run with the land. Second, was it the intention of the parties as expressed in the agreement that it should so run? It is not always easy to mark the distinction between those covenants which are personal, and those which run with the land. It is said in *Conduitt* v. *Ross* (1885), 102 Ind. 166, 26 N. E. 198, "When an instrument conveys or grants an interest or right

1.  in land, and at the same time contains a covenant in which a right attached to the estate or interest granted is reserved, or when the grantee covenants that he will do some act on the estate, or interest granted, which will be beneficial to the grantor, either as respects his remaining interest in the lands out of which an interest is granted, or lands adjacent thereto, such covenant is one which may become annexed to and run with the land, and bind its owners successively. When such grant is made, and contains a covenant so expressed as to show that it was reasonably the intent that it should be continuing, it will be construed as a covenant running with the land." The last clause presents the serious question in this case, viz., Is it reasonably to be gathered from the contract, that it was the intent of the parties that the agreement should be a continuing one?

If it had contained words of projection into the fu-

2.  ture as "maintained", or "never be", or "suffer", or the like, we should have no difficulty in the matter. *Trustees, etc.* v. *Cowen* (1834), 4 Paige (N. Y.) 510, 27 Am. Dec. 80; *Barrow* v. *Richard* (1840), 8 Paige (N. Y.) *351,

35 Am. Dec. 713; *Winfield* v. *Henning* (1870), 21 N. J. Eq. 188; *Hazlett* v. *Sinclair* (1881), 76 Ind. 488, 40 Am. Rep. 254; *Bronson* v. *Coffin* (1871), 108 Mass. 175, 11 Am. Rep. 335; *Muzzarelli* v. *Hulshizer* (1894), 163 Pa. St. 643, 30 Atl. 291; *Fitch* v. *Johnson* (1882), 104 Ill. 111; *Townsend's Appeal* (1896), 68 Conn. 358, 36 Atl. 815; *Kellogg* v. *Robinson* (1834), 6 Vt. 276, 27 Am. Dec. 510; *Sterling, etc., Co.* v. *Williams* (1872), 66 Ill. 393; *Stockett* v. *Howard* (1870), 34 Md. 121; *Countryman* v. *Deck* (1883), 13 Abb. New Cas. (N. Y.) 110; *Worthington* v. *Hewes & McCann* (1869), 19 Ohio St. 66; *Van Rensselaer* v. *Dennison* (1866), 35 N. Y. 393; *Hickey* v. *Lake Shore, etc., R. Co.* (1894), 51 Ohio St. 40, 36 N. E. 672, 23 L. R. A. 396, 46 Am. St. 545; *Gaines' Admr.* v. *Poor* (1861), 60 Ky. (3 Metc.) 503, 79 Am. Dec. 559. It may be thought that two later cases in Massachusetts are contrary to the earlier rule in that state. *Kennedy* v. *Owen* (1884), 136 Mass. 199; *Martin* v. *Drinan* (1880), 128 Mass. 515. It will be observed that in the first case the covenant was to keep in repair buildings on adjoining land to that conveyed. It will also be observed that the grant was by deed poll, and under the laws of that state it appears that an action cannot be maintained in the nature of an assumpsit on such instrument, owing to its not being under the seal of the grantee, but based upon an implied promise from acceptance of the deed. The second case is based upon the former, being a covenant as to keeping fences in repair on land adjoining that conveyed, and for the like reason there assigned, for it is said in *Kennedy* v. *Owen, supra*, 202, "It is plain that an agreement not under seal cannot, technically speaking, run with the land." It is settled in this State that a deed poll accepted, is as binding in its terms as if strictly an indenture under the seal of the grantee. It is possible to distinguish these cases, (1) upon the character of the deeds, and (2) on the ground of the covenant being one to do, or refrain from doing a thing not on the land conveyed, but upon other

land, that is, not as an incident of the estate granted. At any rate, the rule in this State is different, as it also is, in most of the states. We have gone further here, and

4. held that an agreement inserted in a deed for a right of way for a railroad, that the company should build a certain kind of fence, was such a covenant as the successor through foreclosure proceedings was bound to perform. *Midland R. Co.* v. *Fisher* (1890), 125 Ind. 19, 24 N. E. 756, 8 L. R. A. 604, 21 Am. Rep. 189. That case goes no further than to hold the covenant as a consideration for and condition of the grant so coupled with it as to impose the burden upon the successor in interest and title.

It is not alleged in the complaint directly that appellee was the owner of lot 211, or of the lot adjoining it on the north, but it is alleged that the appellee "who is

5. to build on lot next north of said lot 211 agrees to set his building 3 feet north of the south line of the north 6 feet of said lot 211," and an interest in the adjoining property to that agreed to be conveyed to appellant does appear, and appellee was interested in where the lines of buildings on the property to be conveyed should be placed, as beneficial to his adjoining lot, and it was a matter that he had a right to have observed, not only by appellant, but by any successor in title, if by the contract it is to be reasonably gathered that such was the intention of the parties, and the language "keep back flush with the front of building now on lot next south," is scarcely susceptible of any other construction than a perpetual prohibition. Construing the contract as a whole, we think he had a right to have the restrictions placed in the deed, at least as a covenant of appellant, whether it is a covenant running with the land for the reason that if it is only a personal covenant of appellant, appellee had the right to protect it by the deed, as it may be a serious question whether the acceptance of a deed without the provisions, would not operate as a merger and extinguishment of the personal covenant. Appellant

insists that it would, and hence under the terms of the contract a general warranty expected by him, would destroy the personal covenant.  *Gibson* v. *Richart* (1882), 83 Ind. 312, 315; *Coleman* v. *Hart* (1865), 25 Ind. 256; *Slocum* v. *Bracy* (1893), 55 Minn. 249, 56 N. W. 826, 43 Am. St. 499; *Fritz* v. *McGill* (1884), 31 Minn. 536, 18 N. W. 753; *Clifton* v. *Jackson Iron Co.* (1889), 74 Mich. 183, 41 N. W. 891, 16 Am. St. 622, and notes; *Kerr* v. *Calvit* (1822), Walk. (Miss.) 115, 12 Am. Dec. 537; *Hunt* v. *Amidon* (1842), 4 Hill (N. Y.) 345, 40 Am. Dec. 283; *Timms* v. *Shannon* (1862), 19 Md. 296, 81 Am. Dec. 632, and note; *Bryan* v. *Swain* (1880), 56 Cal. 616; *Carver* v. *Jackson* (1830), 4 Pet. 1, 7 L. Ed. 761; *Delafield* v. *Parish* (1862), 25 N. Y. 9; *Van Rensselaer* v. *Hays* (1859), 19 N. Y. 68, 75 Am. Dec. 278; *Atlantic Dock Co.* v. *Leavitt* (1867), 50 Barb. 135; *Easter* v. *Little Miami R. Co.* (1862), 14 Ohio St. 48.  There are however cases not wanting, which hold the contrary.  *Bogart* v. *Burkhalter* (1845), 1 Denio (N. Y.) 125; *Ross* v. *Harben* (1892), 49 Ill. App. 192; *Speed's Exrs.* v. *Hann* (1824), 1 T. B. Mon. (Ky.) 16, 15 Am. Dec. 78; *Close* v. *Zell* (1891), 141 Pa. St. 390, 21 Atl. 770, 23 Am. St. 296. The two latter cases may be distinguished from the general rule.  *Ross* v. *Harben, supra,* may be distinguished upon the ground of no indication in the court's opinion that the parties intended the provisions to be covenants running with the title.  The clause "clear of all incumbrances" is broad enough to embrace the encumbrance of the provisions inserted in the deeds tendered, but taking the whole contract together, the provisions amount to exceptions from the contract for general warranty, for the mutual benefit of both parties, and appear to us to have been fairly so intended, and being so intended, it was proper that they be inserted in the deed, both to prevent a merger, and as notice to subsequent purchasers.  *Congregation, etc.* v. *Halladay* (1872), 50 N. Y. 664.

The taxes of 1907 were a lien and an encumbrance.  The

taxes of 1908 were not a lien. The second deed tendered provides that the grantee shall take the title subject to the taxes for those years, and he was not required to accept a deed containing such provisions, and had he based his objection upon that ground, and the vendor had not within a reasonable time paid the taxes which were a lien, and eliminated the provisions from the deed as to taxes, the contract would not have been complied with. The deed first tendered was free from reference to taxes. Appellee it is alleged refused to accept any deed containing the building restrictions, hence it was unnecessary for the vendor to tender any deed with such restrictions, or to pay the taxes. *Adams Express Co.* v. *Harris* (1889), 120 Ind. 73, 21 N. E. 340, 7 L. R. A. 214, 16 Am. St. 315; *House* v. *Alexander* (1886), 105 Ind. 109, 4 N. E. 891, 55 Am. Rep. 189; *Mathis* v. *Thomas* (1885), 101 Ind. 119; *Blair* v. *Hamilton* (1874), 48 Ind. 32; *Skinner* v. *Tinker* (1861), 34 Barb. 333.

Upon the subject of the description, it is unnecessary to enter. It is of course true that a contract which falls within the fourth subdivision of the statute of frauds, and is of such indefiniteness that it cannot be specifically enforced, cannot furnish the basis of an action for damages. But the parties to this action did not put their contention on that ground. Appellant sought specific performance by a cross-complaint, upon which he sought to acquire title by a deed eliminating the provisions in regard to building. By his answer he also sought to justify his refusal to accept a deed containing such restrictions, so that it is apparent that the real controversy was over the terms which might properly and legally under the contract, be inserted in the deed. The complaint was sufficient.

The evidence discloses the ability and willingness of appellant to pay the contract price without any of the restrictions of the contract but not otherwise. The damages assessed are claimed to be excessive. The ordinary rule for the assessment of damages, under contracts for

Millikan *v.* Hunter—180 Ind. 149.

the sale and purchase of real estate, that is, the difference between the contract price, and the value at the time the deed should be delivered cannot apply in this case for two reasons: (1) It appears from the evidence that appellee had sold the lot together with the other property adjoining before the trial, at a lump, or aggregate sum. There is no evidence as to what he sold this lot for. If he obtained the full contract price, or more, from another, it is manifest that he was not damaged, except it might be for interest in the interval, and for the $100 for filling the lot, and the interest. (2) Appellee owned the north 6 feet of lot 211, and another lot adjoining it on the north. There is evidence that he bought the adjoining lot after making the contract with appellant, and that the addition of 6 feet to that lot would increase the value of the whole, and the building upon it, ·$1000; and evidence that the value of the adjoining lot would be increased in value more that the south 34 feet would be decreased in value. Appellee contents himself with showing the value of the 34 feet standing alone. How can it be determined upon that state of the evidence, in what sum, if any, he has actually been damaged other than the $100 agreed for filling the excavation, and the interest? On the face of this record it seems to us there is no evidence to support the amount of damages awarded.

If appellee within thirty days shall remit all of the judgment except $100 and interest since January 21, 1908, the judgment will be affirmed, otherwise it will be reversed.

Note.—Reported in 100 N. E. 1041. See, also, under (1) 11 Cyc. 1080, 1089; (2) 11 Cyc. 1080; (3) 13 Cyc. 522, 571; (4) 33 Cyc. 180, 182; (5) 39 Cyc. 1555, 1557; (6) 39 Cyc. 1496, 1528; (7) 39 Cyc. 1982; (8) 39 Cyc. 1991. As to general principles in respect of covenants that run with the land, see 82 Am. St. 664. As to measure of damages for vendor's breach of agreement to sell, see 106 Am. St. 964. For a discussion of a covenant to maintain a division fence as a covenant running with the land, see 15 Ann. Cas. 57.