## FARRANT v. TROUTMAN.

No. 3502.   Opinion Filed June 23, 1914.

(141 Pac. 776.)

**DEEDS—Prior Contract—Merger in Deed.** Where the purchaser accepts a deed from his vendor, pursuant to a contract of sale, which contract represents that the incumbrance against the premises amounts to $1,280, and there is evidence tending to show that the incumbrance is $1,450, **held**, in an action on the contract, the representations relative to the amount of incumbrance, in the absence of fraud and of express or implied covenants, are merged in the deed.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Stephens County;*
*W. H. Admire, Judge.*

Action by C. W. Troutman against H. W. Farrant. Judgment for plaintiff, and defendant brings error. Reversed.

*Gilbert, Riley & Bond,* for plaintiff in error.

*Burns & Sitton,* for defendant in error.

Opinion by RITTENHOUSE, C. On October 1, 1909, the plaintiff and defendant entered into a written contract as follows:

"* * * Said parties herein have agreed to exchange their respective farms, situated in the state of Oklahoma and Missouri, being described as follows: The southwest quarter of section four (4) township one (1) south, range eight (8) west in Stephens county, Okla., being the property owned and controlled by party of the first part, which is transferred to the party of the second part and possession to be given by November first, 1909, clear title and abstract less $1,280, the amount due Kiowa, Comanche and Apache Indians by virtue of an act of Congress passed June 28, 1906, for and in consideration of which transfer party of the second part agrees to transfer with clear title and abstract less an incumbrance of $500, shown on the abstract; on the 173 acres of land situated in section two (2) and three (3) in township thirty (30) range nine west in Texas county and state of Missouri. * * *"

Afterwards Farrant executed his deed to the S. W. ¼ of section 4, in township 1 south, range 8 west, in Stephens county, and said deed was accepted by Troutman on February 21, 1910, and after execution and acceptance of the deed, Troutman instituted suit on the contract to recover $170, alleged to be due by reason of a breach of said contract. The pivotal question upon which this case turns is whether the deed merges all prior contracts relative to the amount of the incumbrance in the absence of fraud and of express or implied covenants in the deed. The general rule is that a deed made pursuant to a contract of sale, which deed has been accepted, merges all prior agreements entered into between the parties relative to such sale. *Bryan v. Swain,* 56 Cal. 616; *Martin v. Hamlin,* 18 Mich. 354, 100 Am. Dec. 181; *Douglas et al. v. Mutual Life Ins. Co.,* 127 Ill. 101, 20 N. E. 51; *West Boundary Real Estate Co. of Baltimore City v. Bayles,* 80 Md. 495, 31 Atl. 442; *Clifton v. Jackson Iron*

*Co.,* 74 Mich. 183, 41 N. W. 891, 16 Am. St. Rep. 621; *Carter v. Beck,* 40 Ala. 599; *Enos v. Anderson et al.,* 40 Colo. 395, 93 Pac. 475, 15 L. R. A. (N. S.) 1087; *Carr v. Roach,* 9 N. Y. Super. Ct. (2 Duer) 20. And this rule is broad enough to include contracts relating to the amount of incumbrance. It is said in Devlin on Real Estate (Deeds) 2 vol. 850:

"A deed also merges all representations of freedom from incumbrances in the absence of fraud and of express or implied covenants."—*Fritz v. McGill, Adm'x,* 31 Minn. 536, 18 N. W. 753; *Davenport v. Whisler,* 46 Iowa, 287; *Hunt v. Amidon,* 4 Hill (N. Y.) 345, 40 Am. Dec. 283.

The deed was not put in evidence, but the plaintiff admitted its execution and acceptance, and the presumption of law arising from such acceptance is that the deed contains all the terms of the contract. The evidence of plaintiff shows that the contract of sale was superseded by the deed executed and accepted prior to the date this suit was instituted. The demurrer to the evidence should have been sustained, as the plaintiff did not have a cause of action based upon the terms of the contract; said contract having been merged in the deed.

This cause should therefore be reversed.

By the Court: It is so ordered.