### McCLELLAND v. EHRIG et al.

No. 6548—Opinion Filed Feb. 29, 1916.

Rehearing Denied April 5, 1916.

Further Rehearing Denied May 22, 1917.

(156 Pac. 307.)

**Deeds—Merger—Breach of Covenants—Right of Action.**

E. entered into a written contract with M., by which it was agreed that E. was to convey to M. certain city lots, in consideration of M.'s procuring to be conveyed to E., by one Brown, certain farming lands. M. caused Brown to convey to E., by warranty deed, the exact lands named in the contract. E. examined the deed and the abstract of title to the farming lands, and was satisfied therewith, and conveyed the city lots to M. It later developed that Brown had no title to 10 acres of the farming lands conveyed. Held, in a suit by E. against M. for the value of the 10 acres, that the original contract for the exchange of the properties was fully executed and merged into the final deeds of conveyance, and that E. mistook his remedy, and should have sued on the breach of the covenants in the deed from Brown.

(Syllabus by Brewer, C.)

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by Charles Ehrig against A. M. McClelland and another. Judgment for plaintiff against defendant named, and he brings error. Reversed.

J. O. Minter and J. W. Falkner, for plaintiff in error.

George E. Rider and E. S. Hurt, for defendants in error.

Opinion by BREWER, C. This suit was brought by Chas. Ehrig, plaintiff below, against A. M. McClelland and M. P. Brown, as defendants. For cause of action, plaintiff alleged, in substance, that on January 1, 1911, he was the owner and in possession of certain real and personal property located in Madill and Ardmore, respectively, of the value of $5,000; that on said date defendants represented to him that Brown was the legal and equitable owner of certain farming lands, consisting of 155 acres; that said defendants and plaintiff entered into a written contract, by which plaintiff was to deed and deliver to McClelland his properties situated in Ardmore and Madill for the consideration of a conveyance from M. P. Brown of the 155 acres of farming lands; that in accordance with said contract plaintiff executed conveyances, conveying his properties in Ardmore and Madill to McClelland, and that Brown conveyed to him the lands that he was to receive under the contract in return for the properties he had deeded to McClelland; that in the trade between the parties it was agreed that the value of the farming lands plaintiff was receiving was $31.50 per acre. Plaintiff then alleges that defendant Brown did not own 10 acres of the tract conveyed, and had no right, title, or interest in same, and that said defendant McClelland did not convey to him title thereto; that plaintiff obtained no title whatever to said 10 acres. He then prayed for judgment against both defend-

ants for $315 and interest, from the date of the written contract, pursuant to which the exchange of deeds was made.

At the trial the court instructed a verdict in favor of defendant Brown, evidently upon the ground that he had not signed the original contract, concerning the trade of the property, upon which the suit was based. The question as to McClelland's liability under the terms of the written contract sued on was submitted to the jury, and a verdict returned against him for $315. McClelland, as plaintiff in error, brings the case here, and urges: (1) That the court erred in overruling his demurrer to plaintiff's amended petition; (2) in admitting evidence to support same; (3) in refusing to give a peremptory instruction to find in his favor; (4) in refusing to give certain requested instructions. We shall not discuss the various assignments of error separately; for, after a somewhat careful consideration of the entire record, we are fully convinced that plaintiff below mistook his remedy.

It is clear from the record that this suit is based upon the preliminary contract under which these properties were traded. It clearly appears that plaintiff undertook to convey certain town properties in Madill and Ardmore for certain farming lands; that the deed from Brown to the farming lands, covering all that was intended to be conveyed under the contract, was executed and delivered to plaintiff, together with an abstract of the title, with which he and his attorney, from whom he took counsel, were satisfied; and that thereupon he executed and delivered the deeds to his properties to McClelland. This fully accomplished the purpose of the original contract, and it therefore was fully executed; and a new contractual relation, creating new rights and obligations, was entered into through the deeds. It developed later that entries on the record had not gotten on the abstract, and that Brown had no title to 10 acres of the land conveyed.

It is urged here, and the point seems to be well taken, that the deeds from the respective parties, made in full execution of the previous contract under which the lands were traded, merged the provisions of that contract into the deeds, which both parties exchanged and accepted as a satisfactory and sufficient performance of the contract, and that if there was a breach of the covenants contained in the deed of Brown, or implied by law, plaintiff's remedy was to sue thereon, and not go back and found his action upon the preliminary contract leading up to the deeds. We think the execution and delivery of the deeds by and be-

tween the respective parties was a complete execution of the antecedent agreement between them to convey, and if there were any defects in the title either of the parties received, the right to recover therefor would have to be founded on the covenants, actual or implied by law, in the deeds. A case in this court, which seems to be in point, is that of Farrant v. Troutman, 42 Okla. 418, 141 Pac. 776, in which the syllabus is as follows:

"Where the purchaser accepts a deed from his vendor, pursuant to a contract of sale, which contract represents that the incumbrance against the premises amounts to $1,280, and there is evidence tending to show that the incumbrance is $1,450, held, in an action on the contract, the representations relative to the amount of incumbrance, in the absence of fraud and of express or implied covenants, are merged in the deed."

In the body of the opinion it is said:

"The pivotal question upon which this case turns is whether the deed merges all prior contracts relative to the amount of the incumbrance in the absence of fraud and of express or implied covenants in the deed. The general rule is that a deed made pursuant to a contract of sale which deed has been accepted, merges all prior agreements entered into between the parties relative to such sale. Bryan v. Swain, 56 Cal. 616; Martin v. Hamlin, 18 Mich. 354, 100 Am. Dec. 181; Douglas et al. v. Mutual Life Ins. Co., 127 Ill. 101, 20 N. E. 51; West Boundary Real Estate Co. of Baltimore City v. Bayles, 80 Md. 495, 31 Atl. 442; Clifton v. Jackson Iron Co., 74 Mich. 183, 41 N. W. 891, 16 Am. St. Rep. 621; Carter v. Beck, 40 Ala. 599; Enos v. Anderson et al., 40 Colo. 395, 93 Pac. 475, 15 L. R. A. (N. S.) 1087; Carr v. Roach, 9 N. Y. Super. Ct. (2 Duer) 20. And this rule is broad enough to include contracts relating to the amount of incumbrance. It is said in 2 Devlin on Real Estate (Deeds) 850: 'A deed also merges all representations of freedom from incumbrances in the absence of fraud and of express or implied covenants.' Fritz v. McGill, Adm'r, 31 Minn. 536, 18 N. W. 753; Davenport v. Whisler, 46 Iowa, 287; Hunt v. Amidon, 4 Hill (N. Y.) 345, 40 Am. Dec. 283."

We therefore conclude that plaintiff mistook his remedy in bringing his suit upon the contract of sale, when the same had been merged into the deed executed in performance of the same, and such deeds had been accepted by the parties in full performance of the original undertaking. It therefore follows, in the absence of pleading or proof of fraud or mistake, that there was no proof under which defendant McClelland was liable.

This cause should be reversed.

By the Court: It is so ordered.