HILKER ET AL. v. CURDES.

[No. 11,063.    Filed February 1, 1922.]

1. CONTRACTS.—*Mutuality.*—*Enforcement.*—An oral agreement by a vendor of real estate with persons furnishing material to the vendee that, if the vendee failed to make payments, as provided in the contract of sale, the materialmen could take over the contract and thereby protect themselves and their lien for materials, was unenforceable as a contract for the sale of real estate both because it was not in writing and because of lack of mutuality, there being no agreement by the materialmen to take the land and pay for it in event of the vendee's default. p. 469.

2. MECHANICS' LIENS.—*Agreement to Notify Lienor before Forfeiting Contract for Sale of Land.*—*Breach.*—*Liability of Vendor.*—Where materialmen furnishing materials to a vendee of real estate for the improvement thereof filed a notice of their intention to hold a lien, any subsequent purchaser of the realty was bound by the notice, and the right of the materialmen to foreclose the lien was not affected by the vendor's resale of the land, so that the vendor's breach of his agreement to notify them before forfeiting the vendee's contract of purchase in order that they might take over such contract gave them no right of action. p. 470.

3. VENDOR AND PURCHASER.—*Options to Sell or Purchase Real Estate.*—*Acceptance of Offer.*—An option to sell or purchase real estate is not a contract for such sale or purchase, and only becomes such when the offer contained in the option is accepted, until which time it constitutes a mere continuing offer in which the optionee is not bound, and the optioner is only bound to complete the sale or purchase in event of the acceptance of the offer. p. 471.

4. VENDOR AND PURCHASER.—*Option to Purchase Realty.*—*Failure to Accept.*—*Sale of Property to Another.*—*Optionor's*

*Liability.*—A vendor's agreement with persons furnishing materials to the vendee of realty for the improvement thereof that if vendee defaulted in his contract of purchase they might take over the contract and protect themselves, if regarded as an option to purchase the property, gave no right of action upon the vendor's sale to another, where there was not an acceptance of the offer by the materialmen. p. 471.

5. VENDOR AND PURCHASER.— *Options.— Acceptance.— Time.—.* Where a vendor's agreement with persons furnishing materials to the vendee of realty for the improvement thereof that, in event of the vendee's default, they might take over the contract of purchase, did not fix any time in which the vendor's offer must be accepted, the materialmen were bound to accept within a reasonable time after learning of the vendee's default. p. 471.

6. FRAUDS, STATUTE OF.—*Specific Performance.—Oral Option to Purchase Lands.—Damages.—*An oral option to purchase lands, even if accepted, will not afford a basis for a decree of specific performance nor for an action for damage in event of its breach, since such contracts are within the statute of frauds and must be in writing. p. 471.

7. FRAUDS, STATUTE OF.—*Oral Contract to Purchase Real Estate. —Payment of Purchase Price.—Refusal to Perform.—Recovery.* —One who accepts an oral option to purchase realty and pays part of the purchase price may recover it if the vendor refuses to perform his part of the contract because unenforceable under the statute of frauds. p. 472.

8. FRAUDS, STATUTE OF.—*Oral Option to Purchase Real Estate. —Consideration.—Value of Lien Waived.—Optionor's Refusal to Perform.*—Where a vendor orally agreed that if persons furnishing materials to the vendee of realty for the improvement thereof would waive their right to foreclose their lien they might purchase the property, in event of default by the vendee, for the unpaid balance of his contract, and nothing was ever paid on the unpaid balance by the materialmen, they could recover nothing on the vendor's refusal to perform the oral agreement, as the waiver of the right to foreclose the lien was the consideration of the option, and not a part of the purchase price, in the absence of any provision that it was to be a part thereof. p. 472.

From Allen Superior Court; *William N. Ballou,* Judge.

Action by Charles F. Hilker and others against Louis

F. Curdes. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*Smith & Parrish,* for appellants.
*Vesey & Vesey,* for appellee.

BATMAN, P. J.—This is an action by appellants against appellee for damages. The complaint is in two paragraphs. The first alleges in substance, among other things, that appellee was the owner of certain real estate in Allen county, Indiana, which he sold to one Kyler on a written contract for the sum of $2,250; that at the time of making said contract said Kyler paid $450 on the purchase price of said real estate, and by the terms thereof agreed to pay the remainder in installments, and did thereafter pay thereon sums amounting in the aggregate to more than $200; that said Kyler took possession of said real estate under said contract, and while holding possession thereof under the same, appellants sold and delivered to him lumber of the value of $900, which was accepted and used by him in the construction of a dancing hall on said real estate; that said Kyler was then and now is insolvent; that within sixty days after they had furnished said lumber as aforesaid, they filed in the office of the recorder of Allen county, Indiana, a notice of their intention to hold a lien on said real estate, including the building thereon, for the value of said lumber so furnished, to wit: $900; that appellants intended to foreclose their said lien, but appellee, for the purpose of preventing the same, requested and induced appellants to delay such proceeding, agreeing with appellants that if they would forego their action for a time, and said Kyler failed to make the payments on said real estate according to the terms of his contract, that he would notify them of such failure, and that they could then foreclose their said lien before he "would forfeit his contract with said Kyler," and that

they could take over the same and thereby protect themselves and their lien on said real estate; that thereafter said Kyler, without their knowledge or consent, failed to perform his part of said contract with appellee; that appellee neglected to notify them of such failure, and, for the purpose of preventing a foreclosure of their said lien, "forefeited said contract" with said Kyler, and sold said real estate for $3,500; that said forfeiture and sale were without their knowledge or consent, and deprived them of their right to enforce their said lien, or to recover any portion of the amount secured thereby; that appellee has failed and refused to pay their said claim, or any portion thereof, and that by reason of the facts alleged they had sustained damages in the sum of $1,500. The second paragraph of the complaint is substantially the same as the first, except that it alleges that appellee fraudulently induced appellants not to foreclose their said lien, and fraudulently withheld the fact that said Kyler was not making his said payments, and that he thereafter "forfeited said contract" with said Kyler for the purpose of defrauding them of their rights in said real estate by virtue of their said lien. Appellee filed a demurrer to each paragraph of the complaint, which was sustained, and appellants refusing to plead further judgment was rendered against them. This appeal followed.

It does not clearly appear from the complaint what theory the pleader had in mind in its preparation. Nor is there any definite statement in appellant's brief in that regard. We must, therefore, analyze the complaint for the purpose of ascertaining if there is any theory on which the trial court should have sustained the same. It is clearly insufficient as an action for damages, based on the breach of a contract for the sale of real estate, not only because it is not alleged that the contract is in writing, but also be-

cause no mutuality is shown, that is, it is not alleged that appellants agreed to take the land and pay for the same, in the event that said Kyler made default in his payments. Where this element is absent no enforceable contract exists. *Reynolds* v. *Louisville, etc., R..Co.* (1896), 143 Ind. 579, 40 N. E. 410; *Henry School Tp.* v. *Meredith* (1904), 32 Ind. App. 607, 70 N. E. 393; *Semon, etc., Co.* v. *Coppes, etc., Co.* (1905), 35 Ind. App. 351, 74 N. E. 41, 111 Am. St. 171.

2. The complaint is not sufficient as an action for damages based on appellee's failure to keep his promise to notify appellants if said Kyler made default in his payments, and to permit them to foreclose their lien before retaking said real estate under a forfeiture, and his subsequent resale of the land to other parties, for the sum of $3,500, as alleged. The only harm, which appellants claim resulted to them from appellee's acts in this regard is that they were thereby prevented from recovering on said lien, and by reason of that fact ask damages in the sum of $1,500 because appellee has failed and refused to pay their said claim. It will be observed that appellants allege that they gave due notice of their intention to hold a lien on said land, and the building erected thereon, by filing such notice in the office of the recorder of Allen county, Indiana, as the statute provides, within sixty days after furnishing said lumber as aforesaid. This being true, any person who purchased said land thereafter was bound by the notice of such lien so filed. It follows that appellants' right to a foreclosure of their said lien was in no way affected by appellee's alleged failure to keep his said promise, and his subsequent resale of said land to another. If appellants were not deprived of such right by reason of said facts, which are made the basis for their only ground of complaint, no cause of action is shown on the theory indicated by these allegations.

Construing the. allegations of the complaint most favorable to appellants, by giving effect to certain inferences of which the facts alleged are susceptible, the complaint may be construed as alleging

3. that appellee granted appellants an option to purchase the land in question if said Kyler made default in his payments, by paying the amount remaining due thereon according to the terms of the outstanding contract of sale to Kyler. It has been held repeatedly, however, that an option to sell or purchase real estate is not a contract for such sale or purchase, and only becomes such when the offer contained in the option is accepted. Until that occurs it constitutes a mere continuing offer, in which the optionee is not bound, and the optionor is only bound to complete the sale or purchase in the event the offer is accepted. When accepted the offer contained in the option with the acceptance constitutes the contract, and embodies the terms on which the same is enforceable. 6 R. C. L. 603; 39 Cyc 1232; *In re Aurora Gaslight, etc., Co.* (1916), 64 Ind. App. 690, 113 N. E. 1012; *Rampton* v. *Dobson* (1912), 156 Iowa 315, 3 L. R. A. 569; *Myers* v. *Stone* (1905), 128 Iowa 10, 102 N. W. 507, 5 Ann. Cas. 912; *Cameron* v. *Shumway* (1907), 149 Mich. 634, 113 N. W. 287; *Friendly* v. *Elwert* (1909), 57 Ore. 599, 26 Ann. Cas. 357; *Barton* v. *Thaw* (1914), 246 Pa. 348, 92 Atl. 312, Ann. Cas. 1916D 570; *Swift* v. *Erwin* (1912), 104 Ark. 459, 148 S. W. 267, Ann. Cas. 1914C 363. Applying these principles to the facts alleged, it is appar-

4-6. ent that there is no liability against appellee by reason of the option granted to appellants to take over the property on the terms stated, in the event Kyler made default in his payments. It is not alleged that appellants accepted the offer contained in such option, and therefore no contract of purchase is shown. True, no time is fixed within which such offer was to be ac-

cepted, but the law would require that it be done within a reasonable time after appellants had knowledge of Kyler's default. *Mossie* v. *Cyrus* (1912), 61 Ore. 17, 119 Pac. 485. But if an acceptance had been made, appellants would have had only a parol contract for the purchase of the land. Such a contract would not afford a basis for a decree of specific performance, as it would be within the statute of frauds. *Schoonover, Exr.*, v. *Vachon* (1889), 121 Ind. 3, 22 N. E. 777; *Flowers* v. *Poorman* (1909), 43 Ind. App. 528, 87 N. E. 1107; *Wallace, Admr.*, v. *Long* (1886), 105 Ind. 522, 5 N. E. 666, 55 Am. St. 222; *Lowe* v. *Turpie* (1896), 147 Ind. 652, 44 N. E. 25. Nor would its breach furnish a basis for an action for damages. *Board, etc.* v. *Howell* (1899), 21 Ind. App. 495, 52 N. E. 769; *Millikan* v. *Hunter* (1913), 180 Ind. 149, 100 N. E. 1041; *Crumpacker* v. *Jeffrey* (1917), 63 Ind. App. 621, 115 N. E. 62.

Had appellants accepted the option and thereby completed the contract of purchase, and had paid a portion of the purchase price, such portion so paid might 7. have been recovered by appellants, had appellee taken advantage of the statute of frauds and refused to perform his part of the contract, as a party cannot invoke such statute for the purpose of retaining what he has received of a purchaser under a contract in part performance thereof. *Burt* v. *Bowles* (1879), 69 Ind. 1; *Jarboe* v. *Severin* (1882), 85 Ind. 496; *Wolke* v. *Fleming* (1885), 103 Ind. 105, 2 N. E. 325, 53 Am. St. 495; *Sandage* v. *Studabaker, etc., Co.* (1895), 142 Ind. 148, 41 N. E. 380; *Durham* v. *Wick* (1904), 210 Pa. 128, 59 Atl. 824, 105 Am. St. 789, 2 Ann. Cas. 929; *Jones* v. *Ceres Co.* (1916), 60 Colo. 562, 154 Pac. 745, Ann. Cas. 1918C 429. But it is not made to appear that appellants paid appellee anything which was to be applied as part of the purchase price of the land. 8. The amount to be paid appellee therefor, in the

event they elected to purchase the same on Kyler's default, was the unpaid balance due on the latter's contract therefor. There is no allegation that any portion of said amount was ever paid by appellants. The only consideration passing from them was a waiver of their right to foreclose their lien. This was for the option granted, which contained no provision that the amount of their lien was to become a part of the purchase price of said land in any event. Therefore such amount could not have been recovered had appellants accepted the offer contained in said option, and appellee had refused to perform his part of the contract. Appellants have failed to point out a theory on which their complaint should have been sustained, and we have failed to discover any. There is no material difference in the two paragraphs, and we therefore conclude that the court did not err in sustaining appellee's demurrer to each of them. Judgment affirmed.