DAWSON et al. v. SEARS.

No. 29361. Dec. 17, 1940.

*110 P. 2d 910.*

Whitten & Whitten, of Oklahoma City, for plaintiffs in error.

Embry, Johnson, Crowe & Tolbert, of Oklahoma City, for defendant in error.

CORN, J. This is an action for damages for alleged breach of contract for failure of the defendant to convey to plaintiffs certain royalty interests. The controversy involves three mineral deeds, the first of which was dated August 12, 1936, conveying to plaintiffs an undivided 3,500 square feet out of the ⅛ royalty interest in the production of oil, gas, and other minerals from certain described lands in the State Capitol Addition to Oklahoma City, and the other two deeds dated August 17, 1936, each conveying an undivided 1,750 square feet out of the ⅛ royalty interest in and to the same lands as described in the first deed. The royalty reserved under the lease is ¼ of the total production from the tract. The plaintiffs allege, in substance, that they purchased in the first transaction 3,500 square feet out of the entire royalty interest reserved under the lease and owned by the defendant, which was ¼ of total production, and a like interest by transaction of August 17, 1936, in the two deeds last above referred to. On November 18, 1936, correction deeds were executed and filed for record by the defendant indicating that it was the intention of the grantor to convey said fractional interests mentioned in said deeds respectively on the basis of ⅛ royalty rather than the ¼ royalty interest reserved in the lease. Plaintiffs allege that defendant conveyed only one-half of what they had purchased, and pray judgment against the defendant for the total sum of $3,710, as the value of the remaining one-half of the royalties which they claim to have purchased and paid for in these transactions.

The court sustained defendant's demurrer to plaintiffs' amended petition,

and plaintiffs electing to stand upon the pleadings and appeal from the order sustaining the demurrer, the cause was dismissed with prejudice, and the plaintiffs brought this appeal. The parties are referred to herein as plaintiffs and defendant, as they appeared in the trial court.

The plaintiffs contend that the trial court erred in striking schedule A from the plaintiffs' petition. This schedule contained information concerning the royalty interests offered for sale and was filed with the Securities and Exchange Commission, and showing, among other things, that the defendant owned a ¼ royalty interest under the lease. This was stricken on the objection that it was irrelevant, redundant, and prejudicial. This contention is not well taken where it does not appear that the matter stricken was germane or material to the cause of action, as the rule is conversely stated in Quincy Show Case Works v. Briscoe, 126 Okla. 144, 259 P. 128. It does not appear from the petition that schedule A had any bearing upon what the contract between the parties actually was with reference to these particular transactions. That is, the quantity of royalty interest involved in the transactions.

It appears from plaintiffs' petition that the sales were made by oral negotiations, and that the mineral deeds were accepted by plaintiffs and filed for record and recorded in the office of county clerk of Oklahoma county, where the property is situated. Plaintiffs are not alleging fraud or mistake, but are seeking to recover damages for breach of oral contract.

Section 137, chapter 2, title 15 of the Oklahoma Statutes, Annotated, provides as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

In the case of Douglas v. Douglas, 176 Okla. 378, 56 P. 2d 362, it is held as set forth in paragraph 8 of the syllabus as follows:

"In absence of fraud or mistake, the acceptance of a deed or writing containing provisions in contravention of a prior parol agreement amounts to a modification of the former agreement."

The rule that all prior and contemporaneous oral agreements are merged in written deeds placed of record and cannot be varied by parol evidence is again applied in the case of Investors Royalty Co. v. Lewis, 185 Okla. 302, 91 P. 2d 764, paragraph 1 of the syllabus being as follows:

"The parol evidence rule renders unenforceable an unexecuted oral agreement inconsistent with the terms of a written agreement made contemporaneously therewith unless it appears to have been omitted from the written contract by fraud, accident, or mistake."

In that case the trial court sustained a demurrer to the petition, and this court in affirming the judgment concluded:

"* * * Therefore, where an oral agreement is essential to a cause of action, a petition alleging such oral agreement, which is violative of the parol evidence rule, fails to state a cause of action, and it is not error to sustain a demurrer thereto. Golden v. Golden (1932) 155 Okla. 10, 8 P. 2d 42; 13 C. J. 737, § 877. See, also, Blankenburg v. Norval & Dial, Inc. (1929) 135 Okla. 131, 275 P. 1040."

The foregoing authorities are decisive of the issues in the instant case, where the plaintiffs rely upon alleged oral agreements inconsistent with the terms of the deeds which were accepted and recorded.

Judgment affirmed.

BAYLESS, C. J., and OSBORN, DAVISON, and NEFF, JJ., concur.