Richard A. STROUHAL and Opal
Strouhal, Appellants,

v.

ALLIED DEVELOPMENT CO., a Dela-
ware corporation, Appellee.

No. 4959.

United States Court of Appeals,
Tenth Circuit.

March 17, 1955.

Albert D. Lynn, Oklahoma City, Okl.
(John Connolly, Oklahoma City, Okl., on
the brief), for appellants.

H. L. Douglass, Oklahoma City, Okl.
(Sylvanus G. Felix and John J. Griffin,
Oklahoma City, Okl., on the brief), for
appellee.

Before PHILLIPS, Chief Judge,
BRATTON, Circuit Judge, and SAV-
AGE, District Judge.

BRATTON, Circuit Judge.

Richard A. Strouhal and Opal Strou-
hal, husband and wife, instituted this ac-
tion against Allied Development Com-

pany to reform a warranty deed conveying a small tract of land in Midwest City, Oklahoma. At the conclusion of the evidence adduced by plaintiffs, the court sustained a motion of the defendant for judgment in its favor upon the ground that the evidence failed to show that plaintiffs were entitled to reformation. Judgment was entered accordingly; plaintiffs appealed; and for convenience, continued reference will be made to the parties as plaintiffs and defendant, respectively.

These facts were developed at the trial. Defendant owned the surface of the property and a one thirty-second interest in the mineral rights therein. Thirty-one thirty-seconds of the mineral rights had been reserved by a previous owner. The property was listed with the Russell Showalter Company for sale. Following negotiations between plaintiffs and the Showalter Company, the latter mailed to the former four copies of a purchase contract. Plaintiff Richard A. Strouhal executed three copies of the contract and returned them by mail to the Showalter Company. By express provision in the contract, a strip 33 feet in width along the south side of the property was reserved for highway purposes, one-half of the mineral rights were reserved, and the contract was subject to the purchaser being able to secure a so-called GI loan covering the amount of the purchase price. Plaintiffs made application to Home Mortgage and Investment Company for a loan. The mortgage company prepared a note and mortgage covering the property. The mortgage company mailed to the Veterans Administration a copy of the purchase agreement signed by plaintiff Richard A. Strouhal together with other papers for its consideration in connection with the guaranteeing of the loan. The Veterans Administration issued and delivered to the mortgage company its conventional certificate in which it guaranteed the loan to the extent of fifty per cent thereof. Defendant executed and delivered to the mortgage company a warranty deed conveying the property to plaintiffs. The deed was to be delivered to plaintiffs if and when the transaction was completed. By express provision contained in the deed, a strip fifty-feet in width along the south side of the property was reserved for highway and public utility purposes and a strip ten feet in width along the east, north, and west sides, was reserved for public utility purposes; thirty-one thirty-seconds of the mineral rights were excepted; and the use of the premises was limited to single-family occupancy. The mortgage company caused the deed and the mortgage to be placed of record, disbursed the proceeds of the loan, and mailed the recorded deed to plaintiffs. The record fails to disclose any direct communication or correspondence between plaintiffs and defendant, or between plaintiffs and the Veterans Administration.

The gravamen of the action is reformation of the deed to conform to the so-called purchase contract in respect to the reservation for highway and utility purposes, the exception or exclusion of the mineral interest, and the absence of any restriction or limitation upon the use to which the property may be devoted. And in support of their asserted right to such equitable relief, plaintiffs seek to bring themselves within the rule that where there is a sufficient showing of mutual mistake, or mistake on one side and fraud or inequitable conduct on the other, whereby the estate or interest intended to be conveyed is enlarged, curtailed, or vested in a different manner from what the parties intended, the deed will be corrected. That general rule was enunciated in Oklahoma City Federal Savings & Loan Association v. Clifton, 183 Okl. 74, 80 P.2d 283. But it is limited in application to instances where the parties enter into a binding contract and the deed does not conform to it.

The transaction between these parties involved the sale of real estate. Plaintiff Richard A. Strouhal signed the so-called purchase contract. The contract was in the form of an offer to pur-

chase. Immediately below the signature of plaintiff Richard A. Strouhal was a printed receipt to be signed by the realtor or realtors who made the sale indicating the amount paid on the purchase price. That receipt was signed by the Showalter Company. But it was not filled out. It was left blank in respect to amount. And immediately below the receipt to be signed by the realtor or realtors was a printed form of acceptance of the offer to purchase to be signed by the seller or sellers. But it was not signed by the defendant. The defendant did not accept in writing the offer to purchase, either by signing the form affixed thereto for such purpose or by other notation or signed memorandum on the face of the instrument. And if the act of the Showalter Company in signing the form intended to be used as a receipt for the down payment be construed as an execution of the instrument on behalf of the defendant, it did not make the contract binding upon the defendant for the reason that there was no showing whatever that the Showalter Company had been authorized in writing to execute a contract of that kind for the defendant; and in Oklahoma an agreement for the sale of real estate is invalid unless the same or some memorandum thereof be in writing and subscribed by the party to be charged or his agent, and such agreement if made by an agent is invalid unless the authority of the agent be in writing, subscribed by the party sought to be charged. Messman v. Lower, 84 Okl. 151, 202 P. 1014; House v. Boylan, 186 Okl. 124, 96 P.2d 532; Oakes v. Trumbo, 201 Okl. 102, 201 P.2d 916; Hawkins v. Wright, 204 Okl. 55, 226 P.2d 957; Edgar v. Reeser, 10 Cir., 46 F.2d 277.

■ So far as the record before us indicates, the only writing which the defendant signed in connection with the transaction in question was the deed. The deed differed substantially from the written offer to purchase signed by plaintiff Richard A. Strouhal in respect to the reservation for highway and utility purposes, in respect to the reservation or exclusion of the mineral interest, and in respect to the use to which the property should be put. Therefore, the deed did not constitute an acceptance of the offer to purchase in those material respects. Instead, it constituted a conveyance of the title with the reservations and the restriction therein stated. And in the absence of mutual mistake or fraud, a deed which is executed, delivered, accepted, and retained merges therein all previous negotiations and becomes the final agreement of the parties in respect to the estate conveyed. Farrant v. Troutman, 42 Okl. 418, 141 P. 776; McClelland v. Ehrig, 65 Okl. 174, 156 P. 307.

■■ Plaintiff Richard A. Strouhal was not an illiterate person. He finished high school, had specialized courses in radio and radar, had eleven years of business experience, and held a responsible position of employment at Tinker Air Force Base in Oklahoma. He testified that when he received the deed he examined it but did not read it line for line. He further testified that there was no concealment concerning the restrictions in the deed and that they were just legal verbiage as far as he could see. He further testified that it was the first deed he ever saw and that it was hard for him to understand the reservations contained in it. And he further testified that after he examined the deed, read it over, and saw the restrictions therein, he put it in his safe deposit box and kept it there with his papers. It thus is manifest that plaintiff Richard A. Strouhal knew that the deed contained provisions of reservation, exclusion, and restriction, and that with such knowledge he kept and retained it. And it is the well established rule of law in Oklahoma that, in the absence of fraud or mistake, the acceptance of a deed containing provisions in contravention of previous negotiations or agreement amounts to a modification of such negotiations or agreement and constitutes the ultimate contract between the parties. Douglas v. Douglas, 176 Okl. 378, 56 P.2d 362; Dawson v. Sears, 188 Okl. 544, 110 P.2d 910.

Finally, plaintiffs urge by supplemental brief filed in this court that the defendant is estopped to deny that the written offer to purchase signed by plaintiff Richard A. Strouhal was the agreement of the parties. Plaintiffs did not plead estoppel in the trial court. Under Rule of Civil Procedure 8(c), 28 U.S.C., estoppel must be affirmatively pleaded. And if not pleaded, it is waived. Bowles v. Capitol Packing Co., 10 Cir., 143 F.2d 87; Cummings v. Moore, 10 Cir., 202 F.2d 145. Not having been pleaded, the question of estoppel is not open to review on appeal.

The judgment is affirmed.