BARTON et al vs FERGUSON.

Opinion delivered September 19, 1896.

*1. Attachment—Return of Officer Prima Facie Evidence of Value.*
Under Sec. 330 of Mansfield's Digest, an officer levying an attachment is not required to make a valuation of the property.

Since, however, it is his duty to attach property enough to cover the claim sued upon, he should designate in his return the approximate value of the property seized, thereby showing how, in this regard, he has discharged his duty. Such return is prima facie evidence of value, subject to be overcome by other evidence.

*2.* *Negotiable Paper Transferred before Maturity for Antecedent Debt.*

One who takes negotiable paper before maturity in good faith, merely as security for an antecedent debt, although it is without express agreement for indulgence, is a bona fide holder thereof and is not affected by equities or defenses between prior parties, of which he had no notice.

*3.* *Attachment—Trial.*

The matter of the rightfulness of the attachment should be tried and determined by the court upon the issues raised by the affidavit for attachment and the appellee's controverting affidavit.

*4.* *Attachment—Dissolution—Trial by Jury.*

Upon the dissolution of an attachment by the court, either party has the right to have the damages determined by a jury.

*5.* *Judgment.*

A judgment in favor of the defendant upon the dissolution of an attachment, should provide that the sum be treated as a credit upon the amount awarded.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Suit in attachment by Barton Bros. against J. F. Ferguson and another. Judgment for defendant. Plaintiff appeals. Reversed.

Appellants sued P. S. Hagy and J. F. Ferguson, alleging that the latter, being indebted to the former, on February 20, 1893, executed and delivered to Hagy three promissory notes, payable to his order (one for $100, due in

seven months, one for $100, due in eight months, and one for $64.60, due in nine months,) all bearing interest at 10 per cent. per annum; that afterwards Hagy, being indebted to appellants, sold, delivered, and guarantied to them said notes, prior to their maturity, to secure a principal note of $272.40; that appellants were still the owners and holders of said notes; and that the same were unpaid. An attachment upon several statutory grounds was obtained at the time of filing the suit, and was levied upon certain goods of Ferguson. Appellee, Ferguson, controverted the grounds of the attachment. He also answered in the main action: First. Averring that soon after the delivery of the notes sued upon to Hagy, and before said notes were transferred or assigned to plaintiffs, if they were so transferred or assigned, he fully paid off and discharged the same; that such payment was made to Hagy while he was the owner of, and in possession of, said notes. Second. He denied that said notes were owned or were ever assigned or transferred to appellants by Hagy. Third. He alleged that he had made payment of said notes to Hagy soon after said notes were given; that at this time Hagy represented to him that he (Hagy) was still the owner and holder of said notes, and agreed to cancel and surrender same to appellee. He prayed to be discharged, with his costs, and, in the event of judgment against him, for judgment over against Hagy. A trial was had before a jury, both upon the attachment issue and the main action. The court instructed the jury as follows: "(1) In this case the plaintiffs sue upon three promissory notes, and seek to foreclose an attachment lien upon the property of the defendant J. F. Ferguson. The defendant, answering, says that he had paid said notes sued on, and denies that said attachment is rightfully sued, and asks for a judgment against the plaintiffs for the value of the property attached. (2) You are instructed that the burden of proof is on the plaintiffs to make out their case by a preponderance of the evidence. (3) You are further instructed that the assignees of a

promissory note transferred to and held by them as collateral security for a pre-existing debt, and assigned before maturity, take it subject to all equities due the maker from payee; and hence if you find from the evidence that defendant Ferguson had paid said notes sued on to the payee, Hagy, you will find for the defendant. (4) You are further instructed in this connection that, if you find said notes to have been paid, you must discharge the attachment in this case, and render a judgment against the plaintiffs for the value of the goods seized under the attachment." The jury found that the attachment was wrongfully sued out, that the goods attached were of the value of $1,059.97, and that defendant was entitled to a judgment for such sum, with interest from September 29, 1893. Judgment was entered for defendant for $1,197.49 and costs, and it was further ordered that the marshal and clerk pay over to defendant the proceeds of the sale of the attached property.

*James E. Humphrey, George B. Denison* and *Napoleon B. Maxey,* for appellants.

1. The maker of a negotiable note, who, before its maturity, pays the payee thereof without the surrender of the note, does so at his peril. Best vs Crall, 32 Kas. 428; Wheeler vs Guild, 20 Pick. 545; Wilcox vs Aultman, 64 Ga. 544; 2 Daniel Neg. Inst. Sec. 1227; Stevenson vs Woodhull, 19 Fed. 575; Windle vs Bonebrake 23 Fed. 165; Clarke vs Inglestrom, 51 How. Pr. 407; Mobly vs Ryan, 14 Ill. 561; Caps vs Gorham, 14 Ill. 198; Tiedeman Com. Paper, Sec. 373—374; Howard vs Rice, 54 Ga. 52; Dickson vs Wright, 24 A. R. 677; Ebersole vs Redding, 22 Ind. 232.

2. The court erred in instructing the jury that they must render a judgment against the plaintiffs for the value of the goods seized under the writ of attachment and in entering judgment upon the verdict for that amount and interest, and directing the proceeds of the property arising

from the sale to be turned over to the defendant. Boatright et al vs Stewart, 37 Ark. 605; Patton vs Garrett, 37 Ark. 612; Goodbar vs Lindsley, 51 Ark. 380; Blass vs Lee, 55 Ark. 329.

3.  The court erred in instructing the jury that the burden of proof was on the plaintiffs to make out their case by a preponderance of the evidence, because the defendant admitted the execution of the notes and plead payment. The burden of proof is therefore upon the defendant to prove the payment of the note. Perot vs Cooper, 31 A. S. R. 258; 42 A. S. R. 316.

4.  The court erred in instructing the jury that one who takes negotiable paper from the payee as collateral security for a pre-existing debt, although endorsed and delivered before maturity and without notice, takes same subject to the equities existing between the maker and original payee. Swift vs Tyson, 16 Pet. 1; Coolidge vs Payne, 2 Wheat. 66; Townsley vs Sumrall, 2 Pet. 170; Railroad Co. vs National Bank, 102 U. S. 44; Rock Springs National Bank vs Luman, 42 Pac. 881.

*C. B. Kendrick* and *Cherryhouse & Abernathy*, for appellee.

No brief is on file for appellee.

LEWIS, J. (after stating the facts.) 1. Objection is urged to the admissibility and competency of the marshal's return upon the writ of attachment to establish the value of the goods seized. Section 330 of Mansfield's Digest of the Laws of Arkansas prescribes the requisites of the officer's return upon an order of attachment. It does not require a valuation of the property attached. In the absence of such requirement by statute, some authorities indicate that the valuation of the officer in his return is beyond the scope of

his duty. If so, it would seem inadmissible upon the question of value in suits to which he is not a party. Drake, Attach. §§ 209, 210; Shinn, Attachm. § 233. Other authorities suggest that, since the officer's duty is to attach property enough to cover the claim sued upon, he should designate in his return the approximate value of the property seized, thereby showing how in this regard he has discharged his duty. Waples, Attachm. § 321. This view is reasonable, and, if accepted, the valuation by the officer of the property taken is an official act, done in the performance of his legal obligation, and properly incorporated in his return. We accept this view, and conclude that the return was admissible as prima facie evidence of value, but subject to be overcome by parol evidence of a different value.

*Attachment Return of officer as evidence of value.*

2. The third paragraph of the court's charge is objected to. In telling the jury that the assignee of a negotiable note transferred to and held by him before maturity as collateral security of a pre-existing debt took it subject to all equities between the maker and payee, the trial court announced the rule steadfastly followed in many, if not the majority, of the states of the Union, headed by the great commercial commonwealths of New York and Pennsylvania. .But the Supreme Court of the United States, in accord with the decisions of the courts of England and of many of the States, has declared that the transfer by indorsement, to a creditor, of negotiable paper before maturity, merely as security for an antecedent debt, although it is without his express agreement for indulgence, is not an improper use of such paper, and is as much in the usual course of commercial business as its transfer in payment of the debt. In neither case is the bona fide holder affected by equities or defenses between prior parties, of which he had no notice. Railroad Co. vs National Bank, 102 U. S. 14. The conflict between the two doctrines has been productive of much discussion, a further extension of which by us would be fruit-

*Negotiable Papers. Security for antecedent debt. Innocent holder.*

less. The Supreme Court of the United States is the court of ultimate appeal from this court, and its decisions are binding upon us. The rule declared by it is applicable to the undisputed facts of this record. It follows that in the instruction given the trial court erred, for which the judgment must be reversed and remanded. Should the facts at the next trial be the same as here presented, the court should direct a verdict for appellants for the amount of their demand. If payment was made to the payee while the note was held by appellants as bona fide holders for value, such payment is ineffectual against the appellants, whatever may have been the representations of the payee, Hagy. 2 Daniel, Neg. Inst. § 1227. Should the facts as developed at the next trial make it proper to submit the issue to the jury, they should be told that the burden is upon the appellee to establish his plea of payment.

3. The matter of the rightfulness of the attachment should be tried and determined by the court upon the issues raised by the affidavit for attachment, and the appellee's *Attachment Trial.* controverting affidavit. Sanger vs Flow, 1 C. C. A. 56, 48 Fed. 152; Platter Co. vs Low, 4 C. C. A. 207, 54 Fed. 93; Holliday vs Cohen, 34 Ark. 707. Should the attachment be dissolved by the court, a jury, if desired, may determine the damages occasioned by its wrongful issuance. The opinion in the case of Holliday vs Cohen clearly outlines the correct practice in such case.

4. The judgment is informal, in that it awards appellee the value of the goods attached, with interest, and directs the payment to him by the officers of the court of the proceeds of the sale of the property attached, without providing *Attachment Judgment.* that the sum should be treated as a credit upon the amount awarded. Blass vs Lee, 55 Ark. 329, 18 S. W. 186. It is sufficient to call attention to this inadvertence, in view of another trial. The judgment is reversed and remanded.

SPRINGER, C. J., concurs.