## HARDIN V. KIRBY.

No. 336. Opinion Filed January 11, 1910.

(106 Pac. 837.)

**EVIDENCE—Parol Evidence—Written Lease.** In a suit to enforce a landlord's lien for rent due on a contract in writing containing no provision obligating plaintiff to repair the fence, where defendant pleaded as a counterclaim for damage a tort, in effect that plaintiff wrongfully tore down said fence and turned stock in upon the crop, testimony in effect that prior to and at the time of the making of said contract it was agreed in parole between the parties that plaintiff would repair the fence sufficient to exclude stock, was irrelevant, and its admission over objection error.

(Syllabus by the Court.)

*Error from District Court, Marshall County; D. A. Richardson, Judge.*

Action by J. R. Hardin against R. R. Kirby. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*F. E. Kennemer* and *Chas. A. Coakley,* for plaintiff in error.—Citing: Wood on Landlord and Tenant, p. 810, sec. 365; 1 Elliott on Evidence, secs. 571, 580; 17 Cyc., pp. 716, 570, 624, 601; 4 Wigmore on Evidence, sec. 2433; *Thompson v. Libbq* 34 Minn. 374; *Naumberg. v. Young* (N. J.) 43 Am. Rep. 386; *Fawlkner v. Smith Paper Co.,* 88 Iowa, 169; *Howard v. Thomas,* 12 Ohio St. 206; *York v. Steward* (Mont.) 55 Pac. 29; *Knied v. Tietjen* (Ariz.) 24 Pac. 324: *Brigham v. Rogers,* 17 Mass. 571; *Tracy v. Union Iron Works* (Mo.) 16 S. W. 204; *Diven v. Johnson* (Ind.) 3 L. R. A: 308; *Ehrsam v. Brown* (Kan.) 67 Pac. 867; *Liverpool, etc., Insurance Co. v. Lumber Co.,* 11 Okla. 628; *Turner v. Baker,* 30 Ark. 186.

*Summers Hardy* and *Wm. M. Franklin,* for defendant in error.—Citing: 9 Enc. Ev. 345, 350, 352; 17 Cyc. 692; 4 Wigmore on Evidence, pp. 3425, 3427, 3428; *Hines v. Wilcox* (Tenn.), 54 Am. St. Rep. 823; *Fox v. Tyler,* 3 Ind. Ter. 2;

*Humphrey v. Timken Car Co.* (Okla.), 75 Pac. 528; *Mobile, etc., Ry. Co. v. Jurey* (U. S.), 28 L. Ed. 527; *Bank v. Cooper* (U. S.), 34 L. Ed. 759; *Kelley v. Carter,* 55 Ark. 112; *Hurlburt v. Dusinberry,* 57 Pac. 860; 1 Greenleaf, Ev. (16th Ed.), sec. 284; *Wheaton Roller Mill Co. v. Noyse Mfg. Co.* (Minn.), 68 N. W. 854; *Potter v Easton* (Minn.), 87 N. W. 1011; *Lewis v. Seabury,* 74 N. Y. 409.

TURNER, J. On November 12, 1906, J. R. Hardin, plaintiff in error, sued R. R. Kirby, defendant in error, in the United States commissioner's court for the Fifth division, Southern district, Indian Territory, for $250, balance due on a contract for the rent of plaintiff's farm for that year, and to enforce his lien as landlord upon a crop of corn and cotton grown thereon by defendant, alleging statutory grounds. After the crop was impounded by writ of attachment sued out, defendant filed answer, in effect a general denial, and by way of counterclaim alleged in substance that at the time said contract was entered into plaintiff agreed with defendant that he would cause the demised premises to be inclosed with a fence sufficient for the protection of said crops; that plaintiff failed, neglected, and refused to build said fence, whereupon said defendant undertook so to do, but plaintiff wrongfully refused to permit him, "and tore down portions of said fence which had been erected for the protection of said crops, and turned into and upon the growing crops upon said premises stock of plaintiff and others, which said stock greatly injured and damaged said crops; that said stock destroyed for defendant and tenants 3 1-2 bales of cotton, of the value of $150, and 150 bushels of corn, of the value of $62.50;" that defendant was further indebted to him in the sum of $———, for 300 posts which plaintiff employed defendant to make for him—and prayed damages, costs and proper relief.

Plaintiff, without questioning defendant's right to maintain a counterclaim founded on tort, proceeded to trial to a jury, which resulted in judgment for plaintiff, sustaining the attach-

ment, and for $150 debt and costs, and, on trial anew to a jury
in the district court of Marshall county, where the cause was by
stipulation transferred from the district court of Johnson coun-
ty, there was judgment for plaintiff sustaining the attachment
and for $180 debt and costs. After motion for a new trial filed
and overruled, plaintiff brings the case here for review.

. To prove his debt, establish his lien and otherwise maintain
the issues on his part, plaintiff introduced in evidence the rental
contract, which is as follows:

"Indian Territory, Pickens County, Southern District.

"This contract, between J. R. Hardin, a resident of the
Chickasaw Nation, and R. R. Kirby, witnesseth:

"First. Said J. R. Hardin leases and rents to R. R. Kirby
for the term of one year, beginning January 1, 1906, and end-
ing December 31, 1906, the following lands, situated in the
Chickasaw Nation, in Sec. 3, township 6 south, range 7 east,
200 acres, known as part of the Mack Crockett allotment.

"Second. Said R. R. Kirby agrees to cultivate said lands
in a thorough and farmer-like manner. * * *

"Third. Said R. R. Kirby agrees to pay to said J. R. Har-
din, or his agent, for the use of said lands, $500, $100 cash in
hand and $400 to be paid on or before the 1st day of Novem-
ber, A. D. 1906. * * *

"Eighth. Recognizing the validity and existence of a land-
lord's lien on the products of Indian Territory farms under the
Arkansas laws, the said R. R. Kirby agrees that all moneys re-
ceived for any of the produce of said lands shall belong to said
J. R. Hardin, or his agent, until all rents and other obligations
as herein set forth, belonging to said J. R. Hardin, shall have
been paid.

"Witness our hands this the 2d day of February, 1906.
"[Signed]                                    J. R. HARDIN.
                                             "R. R. KIRBY."

He proved a balance due of $250, also his grounds of at-
tachment, and rested. Neither the debt, lien, nor grounds of
attachment were seriously controverted.

To maintain the issues arising on his counterclaim, over objection
of plaintiff, defendant was permitted to testify, in effect, that prior

Vol. 25—31

to and at the time of the signing of said contract it was agreed in parol between himself and plaintiff that plaintiff would repair the fences inclosing the demised premises and put them in condition to protect the crops from cattle; that he had not done so, and that part of the damage sued for was caused by cattle breaking into the field, owing to his failure to repair as agreed. This is assigned as error. It is insisted by plaintiff that, as no such stipulation to repair appears in the contract in evidence, such testimony was inadmissible to establish a parol agreement, the effect of which was to add to or alter its terms. We think the testimony should have been excluded, if for no other reason, on the ground that it was irrelevant to any issue raised on the counterclaim. That claim was founded on the wrongful act of plaintiff in tearing down defendant's fences and letting stock into his close, where it destroyed his crop. It was entirely foreign to that issue for defendant to prove anything concerning whose duty it was originally to keep the fences in repair.

Aside from the presumption of injury attending the admission of this testimony, the injury is apparent from the record. It opened the way, and defendant not only proved said parol agreement, in effect that plaintiff was bound to repair the fences sufficient to exclude the stock, but further proved that, owing to his failure so to do, stock got in and destroyed defendant's crop. As a result plaintiff was mulcted in damages for stock trespassing both ways (i. e., over the defective fence and through the gap made therein by plaintiff in tearing it down), whereas he was only properly chargeable with damages resulting from the latter cause, as set forth in defendant's counterclaim.

The cause is reversed and remanded.

All the Justices concur.