## KIRBY v. HARDIN.

No. 2895. Opinion Filed July 22, 1913.

Rehearing Denied March 10, 1914.

(134 Pac. 854.)

1. **APPEAL AND ERROR—Subsequent Proceedings—Law of Case.** The decision of the court of last resort, in a case brought to it on appeal, becomes and remains the law of that case through all its subsequent stages and trials.

2. **SAME—Harmless Error—Submission of Issues on Attachment— Conflicting Evidence.** Under the law in force in the Indian Territory prior to statehood, the question of sustaining or dissolving an attachment was for the determination of the court. And where a jury in the case, by direction of the court, sustains an attachment in its verdict, it is no more and no less than the decision of the court on that branch of the case. And where the evidence on that point is conflicting, the decision of the court thereon will not be disturbed.

3. **EVIDENCE—Parol Evidence—Lease.** Where the parties have negotiated concerning the rental of land and have finally entered into a written contract of rental therefor, oral proof of a prior parol contract to repair the fencing is incompetent as tending to vary and contradict the terms of a written instrument.

4. **ATTACHMENT—Sustaining Attachment—Question for Jury— What Law Governs.** Whether, in an action begun in Indian Territory before the admission of the territory to statehood, the sustaining of an attachment was for the court or the jury is to be decided by the law in force before the admission to statehood.

(Syllabus by Brewer, C.)

*Error from District Court, Marshall County; A. H. Ferguson, Judge.*

Action by J. R. Hardin against R. R. Kirby. Judgment for plaintiff, and defendant brings error. Affirmed.

*Wm. M. Franklin* and *Geo. S. March,* for plaintiff in error.

*F. E. Kennamer, Chas. A. Coakley, Geo. A. Henshaw,* and *J. W. Falkner,* for defendant in error.

Opinion by BREWER, C. This suit to enforce a landlord's lien by attachment of the crops, on statutory grounds, was filed in the commissioner's court in the Southern district of Indian Territory, November 12, 1906. This is the second time that this case has required the consideration of this court. At the first trial in the district court the plaintiff, Hardin, recovered a judgment for $180 and the attachment was sustained; but, being dissatisfied with the amount of the judgment, the plaintiff appealed the case and it was reversed in an opinion reported in 25 Okla. 479, 106 Pac. 837. At the second trial in the district court, plaintiff recovered a judgment of $240, and the attachment was sustained, and the defendant is now here asking a reversal of the case.

In the prior record brought to this court it was shown that the defendant, after a general denial, had sought to counter-claim for damages upon two grounds: The first being that the plaintiff had verbally agreed to repair and keep in order the fence on the farm for the protection of defendant's crops; the second ground being that the plaintiff had tortiously torn down the fence surrounding defendant's crops, because of which fact animals had gotten in and destroyed a considerable portion of the same. On this first defense the former opinion of this court held that, inasmuch as the rental contract .between the parties was in writing, it was reversible error to admit proof of the parol contract claimed to have been made prior to the written one, and by which it was claimed plaintiff had undertaken to keep the fence in repair. This was the precise point upon which the case was formerly reversed. In that opinion, however, it is clearly pointed out·that if the plaintiff had in fact wrongfully and tortiously torn down the fence, thereby causing a partial destruc-

tion or loss of defendant's crops, the same would be a proper claim for damages without regard to whether or not the rental contract was verbal or in writing. The syllabus to the former opinion is as follows:

"In a suit to enforce a landlord's lien for rent due on a contract in writing containing no provision obligating plaintiff to repair the fence, where defendant pleaded, as a counterclaim for damage a tort, in effect that plaintiff wrongfully tore down said fence and turned stock in upon the crop, testimony in effect that prior to and at the time of the making of said contract it was agreed in parol between the parties that plaintiff would repair the fence sufficient to exclude stock was irrelevant and its admission over objection error."

When the case came on for trial again in the district court after its remand, the defendant filed an amended answer in which the claim for damages, on account of any tortious breaking or tearing down of the fence by plaintiff, is clearly abandoned. This, in our opinion, took out of the case the only issue that the former opinion had not already decided against the defendant on the main branch of the case. The contentions of the defendant, now here as plaintiff in error, for a reversal, when narrowed down to their true meaning, simply go to two points: The first to the effect that the court excluded the evidence offered of a verbal contract by which the plaintiff was to keep the fencing in repair, on the ground that it would tend to contradict and vary the terms of the written rental contract introduced in the evidence and which all parties admitted signing. For admitting this same kind of evidence in the first trial, this cause was reversed; and in excluding it at the second trial, the court was properly following the instructions of this court contained in the former opinion.

The opinion of the highest court on points of law, in a case brought to it by appeal, becomes and remains the law of that case through all its subsequent stages and trials, under the same or substantially the same state of facts. *Metropolitan Ry. Co. v. Fonville*, 36 Okla. 76, 125 Pac. 1125; *A., T. & S. F. Ry. Co. v. Baker*, 37 Okla. 48, 130 Pac. 577; *Oklahoma City G. & P. Co. v. Baumhoff*, 21 Okla. 503, 96 Pac. 758; *Harding v. Gillett*, 25

Okla. 199, 107 Pac. 665; *Sovereign Camp W. of W. v. Bridges,* 37 Okla. 430, 132 Pac. 133. Therefore we will not again take up and consider the question of the admissibility of the evidence by which it was sought to show that the plaintiff was under the duty of repairing the fencing through his verbal agreement, and whether or not such proof would fall within the rule prohibiting the contradiction of a written instrument by oral testimony. That point in this case upon the same evidence has been, as we have said before, once decided, and the decision is controlling.

The second point made, and upon which a reversal is demanded, is that it was error for the court to instruct the jury "to find for plaintiff in the sum of $240 and to sustain the attachment." There was no conflict in the evidence as to the amount due. There was some conflict as to the grounds of attachment. If, under the law in force in Indian Territory, the question of sustaining or dissolving the attachment was a jury question, then it was error to direct the jury to sustain the attachment; but, if this question was one to be determined by the court, then the mere fact that the court so directed the jury was not reversible error. It was but the decision of the court, on the conflicting evidence, that the attachment should be sustained. That the jury incorporated the finding of the court, at its direction, in the verdict was immaterial and quite harmless.

That this question was triable by the court seems to have been the well-settled law in Indian Territory. *Barton v. Ferguson,* 1 Ind. T. 263, 37 S. W. 49; *Sanger v. Flow,* 1 C. C. A. 56, 48 Fed. 152; *Platter Co. v. Low,* 4 C. C. A. 207, 54 Fed. 93; *Holliday v. Cohen,* 34 Ark. 707.

The law so in force controls this case. The court having decided the point upon conflicting evidence, its decision must stand. This results in the affirmance of the case.

By the Court: It is so ordered.