## McCARTY v. BRONEAUGH.

No. 17727.    Opinion Filed Nov. 15, 1927.

(Syllabus.)

**1. Deeds—Effect of Quitclaim Deed in Statutory Form.**

A quitclaim deed made in substantial compliance with chapter 33, C. O. S. 1921, conveys all the right, title, and interest of the maker thereof in and to the premises therein described.

**2. Vendor and Purchaser—Possession as Notice of Title—Innocent Purchaser from Grantee of One in Possession.**

While it is the general rule that open and notorious possession of real estate, under an apparent claim of ownership, is notice to the world of whatever claims the possessor asserts, there is an exception to this rule, in that it does not apply to a vendor remaining in possession so as to require an innocent purchaser from his grantee to inquire whether he had an interest in the land conveyed.

Error from District Court, Jefferson County; M. W. Pugh, Judge.

Action by V. Broneaugh against J. E. McCarty and A. P. Turner. Judgment for plaintiff, and the defendant McCarty appeals. Affirmed.

J. A. Bass, for plaintiff in error.

Green & Pruet, for defendant in error.

MASON, V. C. J. The defendant in error, Broneaugh, recovered a judgment in the trial court against J. E. McCarty and A. P. Turner for the possession of certain lands in Jefferson county and for $605 as rent for the years 1924 and 1925, from which the defendant McCarty appeals. The facts in the case are substantially as follows:

Said land, consisting of 110 acres, is the allotment of Islan Paxton, a full-blood Choctaw Indian. On the 14th day of February, 1923, Paxton executed an agricultural lease to the defendant McCarty for a period of four years, commencing on the 17th day of October. 1923. It appears that several deeds were of record at this time which purported to transfer said lands from Paxton to McCarty, and that the Superintendent of the Five Civilized Tribes was threatening to commence proceedings to have said deeds

canceled, unless McCarty re-conveyed said land to Paxton. Thereafter, on the 17th day of December, 1923, McCarty executed and delivered a quitclaim deed to Paxton covering said lands, which was placed of record on the 22nd day of May, 1924. Thereafter, the plaintiff, Broneaugh, without any knowledge of the foregoing facts, except such as appeared of record, secured an agricultural lease from the allottee on the 15th day of August, 1924, which was placed of record. Before obtaining this lease, however, he had an abstracter search the records, who reported that the title to said lands was clear. He then visited the land and found the defendant Turner in possession, upon whom he made demand for rent. Turner advised him that he was a tenant of McCarty, after which Broneaugh made demand upon McCarty for the rent, which was refused. McCarty contended that his lease dated February 14, 1923, was valid and that quitclaim deed given to the allottee on the 17th day of December, 1923, was given only for the purpose of releasing the deeds which then appeared of record, but not for the purpose of affecting his lease.

The uncontradicted evidence is that the defendant Turner had paid McCarty $605 rent during the years 1924 and 1925.

For reversal of the judgment of the trial court, the plaintiff in error contends that he had no intention of relinquishing his rights under the agricultural lease by the execution and delivery of his quitclaim deed.

Counsel cite extensively from 18 Corpus Juris, relative to ascertaining the intention of the parties in construing a deed. Said rules do not apply here, but are applicable only between the parties in the construction of a deed the terms of which are ambiguous. In the instant case, the deed is clear, plain, and unambiguous and construction must be made from the terms and provisions thereof.

Section 5258 C. O. S. 1921, reads as follows·

"A quitclaim deed, made in substantial compliance with the provisions of this chapter, shall convey all the right, title, and interest of the maker thereof in and to the premises therein described."

It is, therefore, apparent that the defendant relinquished his rights under his agricultural lease by the execution and delivery of said quitclaim deed to the allottee. If he desired to retain his lease, he should have made an exception or reservation in the deed, and when he failed so to do, the plaintiff, in the absence of knowledge, had a right to rely upon the record title.

Some contention is made that Broneaugh was placed on inquiry as to any claims of title which McCarty had, by reason of the fact that the defendant Turner, who was a tenant of McCarty, was in possession of the land at the time the plaintiff obtained his lease. As a general rule, the possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession to ascertain the extent of their claims, and the open actual possession of such property gives notice to the world of such interest as the possessor actually had therein; but this general rule does not apply to a vendor remaining in possession, so as to require a purchaser from his grantee to inquire whether the grantor remaining in possession has any interest in the land conveyed.

In Hass v. Gregg, 52 Okla. 51, 152 Pac. 1126, the rule is announced as follows:

"While it is the general rule that open and notorious possession of real estate, under an apparent claim of ownership, is notice to the world of whatever claim the possessor asserts, there is an exception to this rule, in that it does not apply to a vendor remaining in possession so as to require a purchaser from his grantee to inquire whether he had any interest in the land conveyed."

The reason for this rule is to protect the possessor of real estate from the acts of others who do not derive their title from him, but not to protect him against his own acts.

From an examination of the entire record, we are of the opinion that the judgment of the trial court is correct, and the same is, therefore, affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER HUNT, and CLARK, JJ., concur.

Note.—See under (1) 18 C. J. p. 156, §32; p. 314, §298: 8 R. C. L. p. 1066. (2) 39 Cyc. pp. 1744, 1753: anno. 13 L. R. A. (N. S.) 51; 27 R. C. L. p. 719 et seq.; 6 R. C. L. Supp. p. 1668.