## ANTHIS et al. v. WHEELER et al.

No. 18810.   Opinion Filed Dec. 4, 1928.

Rehearing Denied May 7, 1929.

Ernest R. Anthis and Harry G. Davis, for plaintiffs in error.

Kleinschmidt & Johnson and Stewart & Stewart, for defendants in error.

MASON, V. C. J. The defendants in error were plaintiffs and the plaintiffs in error were defendants in the trial court, and will be so referred to herein.

The plaintiffs commenced this action against the defendants to recover $200 in consideration of the drilling of a test well for oil and gas to the Wilcox sand at a location designated in and under the terms and conditions of a written contract in the form of a letter from the defendants to the plaintiffs, the material parts of which are as follows:

"For the consideration of your drilling a well to the Wilcox sand (unless oil or gas in paying quantities is found above that depth) we agree to make an oil and gas lease on our 80 acres, the S. W., S. E. & S. E. S. W. sec. 19-19-9, Creek county, Okla., to an bona fide purchaser for a term of five years and as long, $1 per acre annual rental, 1/8th oil & 1/8th gas, etc.

"We will sell the lease when the well

is started or we will hold it for completion. It makes no difference to us. Then we will split the proceeds from the sale of the lease between you and us, after $5 per acre has been deducted from the total sale price."

The plaintiffs alleged that they had complied with the terms of said contract by drilling said well to the Wilcox sand, and further alleged that thereafter the defendants sold said lease upon the lands and premises described above and received therefor the sum of $10 per acre, or a total consideration of $800, and that after deducting $5 per acre from such purchase price, the plaintiffs were entitled, under the terms of said contract, to receive one-half of the remaining $400.

The defendants filed answer admitting the execution of the contract sued on, but alleged that at the time of its execution it was orally agreed between the parties that in case said well produced oil, a lease covering said premises was to be sold immediately, but in case said well was a dry hole, then said contract was to become null and void. The defendants admitted that the plaintiffs drilled said well in the location and to the depth provided in the contract, which was a dry hole and did not produce oil, and that the same was plugged and abandoned on April 22, 1926. Defendants further admitted that on May 10, 1926, they executed and delivered the lease and received $800 consideration therefor, as alleged in the plaintiffs' petition, but they alleged that said lease was sold without any assistance from the plaintiffs and that the drilling of said well had nothing whatever to do with the sale of said lease.

When the case came on for trial upon the issues thus formed, counsel for defendants offered to submit the case to the court upon the stipulation of the facts substantially the same as disclosed by defendants' answer, whereupon counsel for plaintiffs objected for the reason that the same was incompetent, irrelevant, and immaterial; not within the pleadings and attempt to vary the terms of the written instrument. Said motion was sustained by the court, and judgment upon the pleadings and opening statement of counsel was rendered in favor of the plaintiffs for $200, from which the defendants appeal.

Counsel for plaintiffs in error, in their brief, state that they are thoroughly familiar and in accord with the ruling of this and other courts that proof of oral agreements or understandings made prior to or contemporaneous with the execution of a written agreement are inadmissible to contradict or change the terms of a valid written instrument when that instrument is definite, certain, plain, unambiguous, and complete. For cases supporting this rule, see Deming Investment Co. v. Shawnee Insurance Co., 16 Okla. 1, 83 Pac. 918; Stebbins v. Lena Lumber Co., 89 Okla. 244, 214 Pac. 918; Hardin v. Kirby, 25 Okla. 479, 106 Pac. 837.

Counsel insist, however, that the instant case is not governed by such rule, and that the trial court erred in rendering judgment for the plaintiffs for the reason that the contract sued on is neither definite nor certain, and that its meaning is not plain, for the reason that it does not set up the kind of lease that is to be made, nor the period of time after the completion of such well that the defendants were to be bound, if at all, by the agreement.

Such contention and the cases cited might be applicable if this were a suit in specific performance to require the defendants to execute the lease, as provided for in the contract, but, inasmuch as the lease had already been executed by the defendants and the consideration received therefor, all question as to form of the lease becomes wholly immaterial in this action.

It is also contended that said contract was void because no term was provided during which the defendants should be liable to the plaintiffs upon the execution of such a lease. The lease would not be void because of this fact, although it might have been subject to termination upon notice by the defendants to the plaintiffs after the expiration of a reasonable length of time from the completion of said well.

We conclude that the contract sued on was not ambiguous and that the offer of proof by the defendants was an attempt to impeach and vary the terms thereof.

The judgment of the trial court, therefore, must be and the same is affirmed.

BRANSON, C. J., and HARRISON, LESTER, HUNT, and HEFNER, JJ., concur.