CRIDLAND et al. v. FRANKLIN et ux.

No. 30719. Dec. 22, 1942.

*132 P. 2d 323.*

Utterback & Utterback, of Durant, for plaintiffs in error.

C. C. Hatchett, of Durant, for defendants in error.

GIBSON, J. This action was instituted in district court by Samuel W. Franklin and his wife against R. G. Cridland to cancel a mineral deed. Subsequently the defendant Washington Royalties Company was made a party as the beneficial owner of the deed held by Cridland. Judgment was for plaintiffs, and defendants appeal.

It appears from the petition that the plaintiffs executed an oil and gas mining lease under date of January 11, 1932, to one Dillingham covering the lands in question, and on the same day they executed and delivered to said Dillingham a mineral deed conveying to him an undivided one-half interest in and to all minerals in the land. On April 8, 1940, the defendant Cridland filed for record the deed here attacked bearing date of January 11, 1932, executed by Dillingham and purporting to convey to said defendant an undivided one-fourth interest in said minerals.

In the meantime Dillingham released the aforesaid oil and gas lease, and on July 15, 1935, executed to plaintiffs a quitclaim deed relinquishing all his claim to the minerals.

The action to cancel Cridland's deed is based on an alleged oral agreement between plaintiffs and Dillingham, to which Cridland was said to be a party, or of which he had knowledge, en-

tered into contemporaneously with the execution and delivery of the oil and gas lease and mineral deed to Dillingham. It is alleged that under said oral contract Dillingham agreed to commence operations within six months on a block of acreage of which plaintiffs' lands were a part or to return the lease and the mineral deed to plaintiffs, but, in event of production within six months, to pay to plaintiffs an additional consideration of $2,300. By written agreement that period was extended 60 days from July 11, 1932.

It is alleged that no development was undertaken and no production had within the time agreed upon, and that no part of the $2,300 was paid.

It is further charged that the mineral deed delivered to Dillingham "incorporates, in part, the substance of the agreement between plaintiffs and the said Dillingham," and that the purported deed from Dillingham to defendant Cridland contained a like provision, and that Cridland knew at the time he accepted the deed from Dillingham that the deed from plaintiffs to the latter was delivered on the aforesaid conditions and that the same was to be null and void unless the conditions were performed. Cridland's alleged knowledge of the conditions is based on the allegation that he and Dillingham were acting together in procuring the lease and mineral deed from plaintiffs in furtherance of their joint adventure in the proposed development of the block of acreage aforesaid, and, further, that the provision in the deed was sufficient to place the defendants on notice of the conditions. That provision, which is also alleged to incorporate, in part, the substance of the oral agreement, reads as follows:

"If production is secured within six months on the above land or within 1½ miles of same an additional consideration of $2300.00 will be due and shall be used to pay delinquencies and taxes now against said land, any balance left to be paid grantors, otherwise, this grant shall become null and void."

A provision to like effect was contained in the deed here in question.

Defendants denied any knowledge of the alleged oral contract, and denied that they acted in concert with Dillingham as joint adventurers or otherwise in procuring the lease or the deed, and alleged that they purchased the one-fourth interest represented by the deed from one M. A. Neff; that the said Neff drew a draft on them for the purchase price thereof in the sum of $600, which was paid by Washington Royalties Company January 30, 1932, whereupon Neff delivered to defendants the deed executed by Dillingham and here under attack.

In reply plaintiffs alleged that Dillingham, and Cridland acting for himself and for Washington Royalties Company, and one A. A. Drummond, were joint adventurers in assembling the block of acreage and in the development thereof, and that the $600 allegedly paid by defendants for the mineral deed was in fact only a part of the expense contributed by them to the joint adventure.

Defendants say the trial court erred in overruling their demurrer to the petition; erred in receiving testimony tending to altar the terms of a written contract, and say that the judgment is contrary to the law and evidence.

Plaintiffs seek to sustain the judgment as being based at one and the same time upon the alleged oral contract and upon the provisions of the deed from plaintiffs to Dillingham which were also incorporated in the deed here in question. In other words, as we interpret the contentions, the argument is that the judgment may be supported upon the theory that the evidence esablished the alleged oral contract and defendants' knowledge thereof or participation therein, or may be supported on the theory that the above-quoted provision in the deed, though somewhat ambiguous, was sufficient to disclose the conditions under which it was allegedly delivered, and that parol evidence was properly received to establish either the oral contract or to clarify the provision in the deed.

The above theories are disclosed by the counterpropositions in plaintiffs'

brief. They state that "the main transaction between Franklin and Dillingham rested in parol, and the writing was merely an incident thereto; being such, parol evidence is admissible." And, further, "the language of the mineral grant from Franklin to Dillingham is ambiguous and parol testimony was admissible to explain the ambiguity."

The trial court sustained both theories, as is revealed by the finding of fact, as follows:

"The court further finds that the mineral deed from Franklin to Dillingham, in the language as well as in the intent of the parties, means that unless oil or gas is found on Franklin's land or within one and one-half miles of same within the time stated, namely, six months plus the additional 60-day extension, and Franklin paid the sum of $2,300, that said mineral deed shall become null and void."

Defendants insisted at the trial, and still insist, that the petition disclosed that the action was based on an oral contract, and that in order to establish that contract it would become necessary to change the terms of a written contract by parol evidence, and that a petition of that character is demurrable. Investors Royalty Co., Inc., v. Lewis, 185 Okla. 302, 91 P. 2d 764; Dawson v. Sears, 188 Okla. 544, 110 P. 2d 910.

The deed to Dillingham purports to be nothing other than a present grant, containing a certain condition which plaintiffs say defeated the title. It was signed by plaintiffs and delivered to the grantee without fraud or mistake entering into the transaction. But plaintiffs alleged that, since the instrument was delivered on the oral understanding that it not take effect unless certain conditions thereafter take place, the delivery thereof was a conditional one in the sense that the conveyance was not completed; that there was no actual delivery of the deed until the conditions took place.

However, the provision of the deed as alleged in the petition refutes the above allegation, for it says therein if a certain condition is not performed,

"this grant shall be null and void." The petition shows that the deed, if not an absolute grant, was a conveyance on condition subsequent, subject to defeasance on the happening of a certain contingency. A deed executed and delivered in due and proper form constitutes the complete contract between the parties. It is complete, and merges all oral negotiations up to the time of delivery. If fraud or mistake entered into the transaction, the deed may be challenged in whole or in part by parol evidence. Nachtsheim v. Bartle, 131 Okla. 166, 268 P. 195. If the instrument is ambiguous, it may be clarified by parol evidence. But, although it may be ambiguous, the deed actually constitutes the entire contract; parol evidence is received merely to clarify the ambiguity. Nothing inconsistent with the terms thereof may be added or taken away. The rule is stated in Anthis v. Wheeler, 136 Okla. 199, 278 P. 1081, as follows:

"Parol evidence is not admissible to vary or add to the terms of an unambiguous written contract in the absence of fraud, accident, or mistake."

The petition reveals that plaintiffs relied on both the oral contract and the provision in the deed to establish a defeasible title in Dillingham or no title at all.

However, we are of the opinion that plaintiffs' actions well may have rested on the deed alone. The provision embodies all the elements of the alleged oral agreement. The trial court was of that opinion, and we agree with the judgment. The petition sets out the provision contained in the deed and relies on the same. It comprises but one sentence, which concludes with the phrase "otherwise this grant shall become null and void." This refers to the entire preceding portion of the sentence. It says, in effect, if production is obtained within six months, an additional consideration will be due the grantors, otherwise the grant shall become null and void; that is, on failure of production had within six months and payment of $2,300 the deed should become null and void. The word "other-

wise" contemplates the failure or performance of the conditions or circumstances related in the preceding portion of the sentence or clause.

Defendants say that the clause in the deed means merely that if production was had within six months, there would be an additional consideration due plaintiffs, and if no production, no consideration would be due and the deed would then be free of any conditions, and a valid and subsisting grant. But we do not so interpret it. The question is one of intention of the parties, especially of the grantors. 18 C. J. 252, § 198. If we were to say that the only condition was payment of further consideration in event of production, it would be difficult to explain why the grantors placed upon themselves the six months' restriction in which to receive the consideration. It is not difficult to understand why they would limit the time for obtaining production and condition the deed on that limitation. Undoubtedly, they held other interest in the minerals the value of which would be enhanced by early production.

Since the deed was sufficiently clear in the conditions under which it should become inoperative, and those conditions took place, there remains no reason for discussing the question pertaining to the reception of parol evidence. Dillingham and the defendants as his grantees were bound by the conditions plainly contained in the deed.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.