MEFFORD et al. v. OKLAHOMA CITY ex rel. SIMPSON.

No. 31048. Jan 30, 1945.

*155 P. 2d 523.*

Ellmore Pinnick and Norman H. Wright, both of Oklahoma City, for plaintiffs in error.

Arnold T. Fleig, of Oklahoma City, for defendant in error.

WELCH, J. Bessie D. Simpson brought suit in the name of Oklahoma City (11 O.S. 1941 § 237) to foreclose delinquent assessments levied for street paving pursuant to 11 O.S. 1941 §§ 221 to 241. Judgment was for plaintiff for foreclosure, and defendants appealed.

Essential facts are that under the 1907-1908 law original assessments were made in March, 1911, by ordinance No. 1462 to pay for the paving, that is, to pay bonds then issued. Annual installments thereon matured for ten years 1911 to 1920, inclusive. Some payments on some of the properties in the district were made, and some payments were made on the bonds from time to time to 1936.

Meantime, in 1927, the Legislature had passed a refunding law, chapter 93, S.L. 1927, 11 O.S. 1941 §§ 221-241,

and in 1938 the owner of the remaining outstanding 1908 bonds instituted proceedings with the city authorities to refund those bonds. The city acquiesced and enacted resolutions, passed ordinances, issued refunding bonds and made assessments, all as authorized by the 1927 act. Under the last assessment, installments matured each year 1938 to 1947, inclusive.

After passage of the 1927 law the bondholders had a remedy not accorded by the 1907-1908 law, to wit, the right to foreclose in civil action after delinquency for the prescribed period. Accordingly, in 1941 the plaintiff instituted this action to foreclose against the properties here involved, alleging the existing delinquencies and taking advantage of the acceleration provision as to unmatured installments. (11 O.S. 1941 § 2421.) The trial court ascertained the aggregate assessments, including those delinquent with penalty and those not due but accelerated, and decreed foreclosure.

For reversal defendants present several arguments. It is first urged that the evidence does not show that plaintiff was the owner of the bonds. However, we find the stipulation in the record sufficient to dispose of that contention in favor of plaintiff.

Defendants next contend in effect that the refunding proceedings in 1938 were invalid and plaintiff was barred by statutes of limitation and laches because the holders of the 1911 bonds did not by 1927 pursue the then statutory procedure of collection by tax sale, and because said bondholders waited from 1927 to 1938 to proceed for refunding. Defendants recite the provision of the Constitution, art. 5, sec. 52, as preventing the Legislature in 1927 from revising rights barred by lapse of time or by statute. But defendants cite no statute so barring plaintiff's rights. Nor is any authority cited for barring plaintiff's rights for laches. It is true that if the city clerk had certified delinquencies to the county treasurer in 1911 and succeeding years, the same might have

been included in tax sales, but that was not done. While the then bond-holders might have compelled such action, no authority is shown to hold that failure to so proceed would extinguish plaintiff's rights. Therefore, no invalidity is shown in the refunding which resulted in the issuance of the bonds and the making of the assessments which form the basis of this action.

Defendants next urge that plaintiff's cause of action here is barred by laches and lapse of time. Defendants restate the lapse of time between issuance of original bonds in 1911 and the refunding in 1938. But a finding of legality in the refunding proceedings would seem to dispose of that contention here, as it did in the trial court. Defendants repeat the statement that the holder of the original bonds might have had refunding promptly under the 1927 law without waiting until 1938. While that is true, no authority is shown to hold that failure to so proceed more promptly would bar plaintiff's right to so proceed in 1938. Assuming then the legality of the refunding, we find that plaintiff proceeded with due dispatch in commencing suit on the delinquencies which occurred on the installments of the last assessment. We have held the statutes of limitations apply to a civil action to foreclose the lien of such an assessment. City of Bristow v. Groom, 194 Okla. 384, 151 P. 2d 936, but here the prescribed period of three years had not elapsed.

No other statute is relied upon by defendants. They do cite Board of Education of Duncan v. Johnston, 189 Okla. 172, 115 P. 2d 132. There we applied the rule of laches to plaintiff's efforts in mandamus to compel the making of municipal appropriations in the general fund in years long subsequent to the years in which they could have been legally made in proper fiscal management in compliance with laws relative thereto. The sharp difference in legal duties and the specific requirements of school district fiscal management fully distinguish that case from this one.

As a third proposition defendants assert that the refunding issue is invalid for failure to include therein all the outstanding bonds as required by the 1927 act, 11 O.S. 1941 § 223. The facts are there was one bond outstanding, referred to as bond No. 58, for which the owner was unknown and could not be found. There was sufficient money on hand in the fund to pay that bond, and therefore that bond was set aside or segregated as paid or payable from available funds and was in that manner omitted from the outstanding bonds and not refunded. While the statute contemplates that all bonds outstanding and unpaid shall be refunded, the method here followed in determining the outstanding bonds is not expressly inhibited. The holder of all the other bonds did not object that all the money on hand was applied to pay bond No. 58. The owner of that bond could have no right but the right to have his bond paid, and therefore would have no complaint. The property owners in the district suffered no prejudice, as the amount of refunding bonds was no more than if bond No. 58 had been included and the money on hand paid pro rata on all the bonds before refunding. We do not in general voice any approval of the refunding of part only of outstanding unpaid bonds. But here, in view of the exact facts, and no objections or protest having been presented to the refunding proceeding, we find nothing requiring that we hold the refunding proceedings to be void or invalid.

Finally, defendant Jess Mefford contends that plaintiff is estopped to foreclose the assessment lien against lots 11 and 12 because in 1929 one O. L. Simpson was the owner of the then existing bonds of the district, and also held tax title to said two lots in the district; that said Simpson then sold and conveyed said two lots by quitclaim deed to defendant Mefford. If those facts be taken as established, no authority is shown to justify the conclusion that the quitclaim deed extinguished the then existing lien of the delinquent special assessments. It seems fixed by all the legislative acts that such liens may only be extinguished in some man-

ner prescribed by statutes, or by proper decree of a court of competent jurisdiction for justifiable cause.

All these matters were considered, and, as we find, properly decided in the trial court. The foreclosure judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur.