**ANCHOR STONE & MATERIAL CO., a corporation, Plaintiff in Error,**

v.

**Hubert POLLOK, Defendant in Error.**

No. 38424.

Supreme Court of Oklahoma.

Sept. 15, 1959.

F. C. Swindell, Tulsa, for plaintiff in error.

Jack H. Santee, Tulsa, for defendant in error.

DAVISON, Chief Justice.

This action was instituted by defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to foreclose a Special Tax Bill issued by the City of Tulsa, Oklahoma, for the assessment made against the property therein described, in connection with a Street Improvement District created pursuant to the Charter and Ordinances of said city.

The property involved is described as the South One Hundred Forty (140) feet of Lot four (4), Block one (1), according to the duly recorded plat of Elgindale Addition to the City of Tulsa, Oklahoma.

Plaintiff's petition alleged creation of the paving district; issuance of the tax bill and ownership thereof; that the real estate was owned by defendant; default and acceleration of installments; that a copy of the tax bill was attached "with the word 'Canceled' cut therein" but that the original tax bill was not so marked and was not canceled, and prayed judgment and for foreclosure.

Defendant answered with a general denial, admission of ownership of the real estate and special matters of defense relating to admissions by plaintiff that the tax bill had been paid. Defendant further answered that after plaintiff had quieted title against defendant and others in a prior suit, the defendant bought the property from plaintiff and took title by a quitclaim deed from plaintiff and his wife, while plaintiff was the owner of the tax bill and that plaintiff was estopped to prosecute the foreclosure action. Defendant asked for its title to be quieted and extinguishment of the tax lien.

Trial was had to the court without the intervention of a jury.

The facts, either admitted or established by the evidence, were substantially and chronologically as follows: On December 5, 1950, the City of Tulsa published the ordinance assessing the various properties in the particular street improvement district and on that date the Special Tax Bill in question was issued to the paving contractor for $210.86 with principal and interest payable in ten yearly installments, beginning September 1, 1951, and expressly fixing the same as a lien on the subject property.

The ad valorem taxes were not paid on the property and on May 11, 1953, a resale tax deed was issued to the plaintiff. The installments due on the Special Tax Bill were not paid and same was delivered to the attorney for defendant for collection. Just who owned the tax bill at that time is not clear but it appears that it was delivered to the attorney by R. J. Pleasant, who was President of the defendant. In any event on August 3, 1953, the attorney wrote a letter to plaintiff about the defaults in payment of the tax bill and declaring the full amount thereof due. On August 19, 1953, plaintiff paid to the attorney the sum of $309.65, representing the full amount of the tax bill, including interest, costs and attorney fees and took possession of the tax bill. The tax bill was never surrendered to the City of Tulsa for cancellation.

In August and September, 1954, the defendant secured and filed quitclaim deeds from parties holding title prior to the resale tax deed. Thereafter, on or about December 30, 1955, the plaintiff filed a suit against the defendant and R. J. Pleasant and Public Service Company of Oklahoma, to quiet title and for slander of title. On motion the slander of title phase of the

action was docketed as a separate action. In this suit plaintiff alleged and relied on both his tax deed and ownership of the tax bill.

At the trial of the quiet title action the tax bill was introduced in evidence and marked as an "Exhibit". Judgment was rendered May 28, 1956, quieting title of plaintiff. The next day, May 29, 1956, defendant paid plaintiff $1250 and took from plaintiff and his wife a quitclaim deed to defendant wherein the grantors did "quitclaim, grant, bargain, sell and convey unto" the defendant all of their "right, title, interest and estate, both at law and in equity, of, in and to" the subject property. The slander of title action was dismissed with prejudice.

Thereafter the plaintiff, by ex parte order, withdrew the tax bill from the files of the quiet title action and instituted the foreclosure action which is the subject of this appeal. In the trial of this foreclosure action the lower court heard testimony of both parties as to the intent of the parties as to payment and satisfaction or purchase of the tax bill and rendered judgment for the plaintiff for foreclosure thereof for the full amount and for attorney fees, and defendant appeals.

Defendant contends among other things that the judgment is contrary to the evidence and law. In view of our decision herein we will consider only these alleged errors.

All parties to this appeal were parties in the quiet title action hereinbefore referred to. With the situation and facts in this status the plaintiff in consideration of the payment of $1250 did execute the quitclaim deed. This deed was the written culmination of all prior negotiations and transactions of the parties concerning this property.

The deed from the plaintiff to the defendant complies with the requirements of Title 16 O.S.1951, Sec. 41, prescribing the form of quitclaim deed. The deed is unambiguous and contains no reservations.

■ A quitclaim deed, made in substantial compliance with the statute, conveys all right, title and interest of the maker thereof in and to the premises described therein, Title 16 O.S.1951, Sec. 18, and is as effectual in conveying the title of the grantor as is a warranty deed. Garrett v. Reinhart, 169 Okl. 249, 36 P.2d 884.

If the plaintiff desired or intended to reserve or retain any interest in the property an exception or reservation should have been expressly stated. McCarty v. Broneaugh, 128 Okl. 36, 261 P. 165.

■ The record reflects that the plaintiff was satisfied with the quitclaim deed as written and that the defendant was relying on the legal effect of the deed and the prior transactions of the parties as effecting a satisfaction of the Special Tax Bill. Neither party asked for reformation of the deed nor alleged fraud or mistake in the preparation, execution and delivery of the deed. In the absence of fraud or mistake, a deed executed and delivered in due and proper form constitutes complete contract between the parties, and merges all oral negotiations up to the time of delivery. Cridland v. Franklin, 191 Okl. 650, 132 P.2d 323.

The plaintiff cites and it appears the lower court relied on Mefford v. Oklahoma City ex rel. Simpson, 195 Okl. 45, 155 P.2d 523, 526, in holding for the plaintiff and rendering judgment for foreclosure of the Special Tax Bill. In the cited case we held, under the facts and circumstances there presented, that a quitclaim deed from the party then owning the paving bonds and the property would not create an estoppel as against foreclosure of the subsequent refunding bonds for the reason, "It seems fixed by all the legislative acts that such liens may only be extinguished in some manner prescribed by statutes, or by proper decree of a court of competent jurisdiction for justifiable cause." The cited case does not support plaintiff under the facts and circumstances presented by the appeal now

before this court for decision. In the Mefford case, supra, the street improvements were made and the assessing ordinance passed and the bonds were issued pursuant to state statute (1907–1908 law, c. 10, art. 1, page 166). The lien for the benefit of these original bonds extended to all of the properties for the unpaid assessments. Perryman v. City Home Builders, 121 Okl. 150, 248 P. 605. The bonds were paid from the assessments collected from all the properties in the paving district. No single bond benefited from a lien upon or collection from a particular property to the exclusion of any other bond. It was while this situation existed that the quitclaim deed was given that was claimed to create the estoppel. Thereafter the refunding bonds were issued.

■ In the appealed case the paving district was created and the Special Tax Bill was issued pursuant to the provisions of the charter and ordinances of the City of Tulsa. The subject property was assessed its proportionate part of the expense of the improvement and the Special Tax Bill was issued wherein it is certified that the amount thereof is assessed against and is a specific lien only upon the subject property. The holder of the tax bill may foreclose only upon the subject property and may satisfy, extinguish or release the tax bill, without prejudice to the holders of tax bills covering other property, by such agreement, contract or conveyance as the holder desires to make. The record also reflects that the holder of the tax bill could extinguish or satisfy the paving assessment by surrendering the tax bill to the office of the Commissioner of Finance of the City of Tulsa. Under such circumstances there is no requirement and there is no need to require that the tax bill be extinguished in a manner prescribed by statute or some law and we are shown no authority making such requirements. The record does not reflect that any other person or party has or claims any interest in or to the Special Tax Bill. The instant case does in fact present a situation in which the lower court was a court of competent jurisdiction with justifiable cause to decree the extinguishment of the Special Tax Bill.

We are of the opinion that the judgment of the trial court is clearly against the weight of the evidence and contrary to law.

The judgment is reversed with directions to enter judgment for the defendant, quieting its title to the real estate involved herein and extinguishing the Special Tax Bill.